| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: November 18, 2008<br>Hearing Time: 9:45 am |
| In Re:<br><br>SILVIA NUER<br><br>                Debtor. | **NOTICE OF MOTION FOR**<br>**TERMINATION OF AUTOMATIC**<br>**STAY**<br><br>Case No.: 08-14106-REG<br>(Chapter 7)<br><br>Assigned to:<br>Hon. ROBERT E. GERBER<br>Bankruptcy Judge |

Please take notice that JPMorgan Chase Bank National Association as servicer for Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Trust 2006-2, a secured creditor of Debtor, by the undersigned attorneys, will move this Court on the 18th day of November, 2008, at 9:45 am or as soon thereafter as counsel can be heard, at the United States Bankruptcy Court, One Bowling Green, 6th Floor, Manhattan, NY 10004-1408 for an Order pursuant to 11 U.S.C. §362(d)(1) and (d)(2) terminating the automatic stay as to movant's interest in real property commonly known as 1651 Metropolitan Avenue 7C, Bronx, NY 10462 and for such other relief as the Court may deem proper.

DATED:   November 14, 2008
               Westbury, New York

                                                Yours, etc.

                                        By:     /s/ Marin L. Buczkowski
                                                         Marin L. Buczkowski, Esq.
                                                         STEVEN J. BAUM, P.C.
                                                         Attorneys for Secured Creditor
                                                         JPMorgan Chase Bank National Association as
                                                         servicer for Deutsche Bank National Trust
                                                         Company, as Trustee for Long Beach Mortgage
                                                         Trust 2006-2
                                                         Office and Post Address:
                                                         900 Merchant's Concourse, Suite 412
                                                         Westbury, NY 11590
                                                         Telephone 716-204-2400

TO:

SILVIA NUER                              Debtor
1735 Purdy Street
Apartment 1-D
Bronx, NY 10462

LINDA TIRELLI, ESQ                       Attorney for Debtor
Law Office of Linda Tirelli, Esq.
7 Tall Oaks Lane
New City, NY 10956

DAVID R. KITTAY, ESQ.                    Chapter 7 Trustee
Kittay & Gershfeld, PC
100 White Plains Road
2nd Floor
Tarrytown, NY 10591

U.S. Trustee                             U.S. Trustee
Office of the U.S. Trustee
33 Whitehall Street
Floor 21
New York, NY 10004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:

SILVIA NUER

              Debtor.

**APPLICATION**

Case No.: 08-14106-REG
(Chapter 7)

Assigned to:
Hon. ROBERT E. GERBER
Bankruptcy Judge

    JPMorgan Chase Bank National Association as servicer for Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Trust 2006-2 ("Secured Creditor"), by its attorneys Steven J. Baum, P.C., moves to terminate the automatic stay in this case with respect to the real property commonly known as 1651 Metropolitan Avenue 7C, Bronx, NY 10462 and states as follows:

    1. Secured Creditor is the holder by assignment of a mortgage dated the 6th day of January, 2006 in the amount of $104,000.00 secured by the premises commonly known as 1651 Metropolitan Avenue 7C, Bronx, NY 10462 (the "Mortgaged Premises"). A copy of the Note, Mortgage and Assignment(s) is attached hereto as **Exhibit 'A'**.

    2. On the 10th day of October, 2008 Debtor Silvia Nuer filed a Petition under Chapter 7 of Title 11 U.S.C. §101 et seq with this Court, and an Order for relief was duly entered.

3. The Note and Mortgage provide that the Debtor will be in default if he or she does not make full monthly payments on each due date. As of the 10th day of November, 2008, the Debtor is due for 5 payments in the amount of $899.74 which represents the payments due the 1st day of October, 2007 through February, 2008 and 6 payments in the amount of $984.96 which represents the payments due the 1st day of March, 2008 through August, 2008 and 2 payments in the amount of $912.46 which represents the payments due the 1st day of September, 2008 through October, 2008 and has not cured said default. In addition, the payment due the 1st day of November, 2008 is now due and remains unpaid as of the date of this application. Further, if the current default continues, the payment due the 1st day of December, 2008 will be due the date that this application is heard. A Motion for Relief Worksheet is attached hereto as **Exhibit 'B'**.

4. That as of the 24th day of October, 2008, there was an unpaid principal balance owed on the Note and Mortgage in the sum of $114,717.31, with interest thereon for an estimated amount owing Secured Creditor in the amount of $114,717.31. Interest on the unpaid principal balance will continue to accrue, and to protect its security in the Mortgaged Premises Secured Creditor may be required to make further advances for property taxes, insurance and related matters.

5. Based upon the Property Valuation, attached hereto as **Exhibit 'C'**, said real property is valued at $137,000.00. Based on the Secured Creditor's lien amount and the value of the Mortgaged Premises, there exists minimal equity in the Mortgaged Premises.

6. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property..." As set forth above, cause exists to vacate the automatic stay as the Debtor has failed to make monthly mortgage payments to Secured Creditor.

7. Furthermore, Section 362(d)(2) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from stay imposed by Section 362(a) if "(A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization." *See,* 11 U.S.C. § 362(d)(2)(A)-(B). Therefore, the Secured Creditor is entitled to relief pursuant to 11 U.S.C. § 362(d)(2) as there exists minimal equity in the Premises after costs of sale. The Secured Creditor submits that the Mortgaged Premises are not necessary for the effective reorganization of the Debtor as the instant case is a Chapter 7 liquidation case.

8. A copy of a proposed Order granting the relief sought by Secured Creditor is annexed hereto as **Exhibit 'D'**.

9. No prior application has been made for the relief requested herein.

**WHEREFORE**, Secured Creditor respectfully requests that an Order be granted terminating the automatic stay immediately as to Secured Creditor's interest in the Mortgaged Premises together with such other, further and different relief as the Court may deem just in this matter.

DATED: November 14, 2008
Westbury, New York

Yours, etc.

By: __/s/ Marin L. Buczkowski__
Marin L. Buczkowski, Esq.
STEVEN J. BAUM, P.C.
Attorneys for Secured Creditor
JPMorgan Chase Bank National Association as servicer for Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Trust 2006-2
Office and Post Address:
900 Merchant's Concourse, Suite 412
Westbury, NY 11590
Telephone 716-204-2400