UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  | MEMORANDUM OF LAW |
|---|---|
| In Re: | Case No.: 08-14106-REG |
| SILVIA NUER | (Chapter 7) |
| Debtor. | Assigned to:<br>Hon. ROBERT E. GERBER<br>Bankruptcy Judge |

## PRELIMINARY STATEMENT

This is a Motion pursuant to Rule 4001(a)(1) of the Federal Rules and Bankruptcy Procedures to lift the Automatic Stay imposed by §362(a) of the United States Bankruptcy Code. The moving party is seeking relief from the Automatic Stay to exercise its rights under a Mortgage, including, but not limited to, the foreclosure of said mortgage, secured by real property commonly known as 1651 Metropolitan Avenue 7C, Bronx, NY 10462 ("Mortgaged Premises"). The basis for this claim is that the Secured Creditor is inadequately protected nor is there any equity within the meaning of §362(d)(1) and (d)(2) and that the Debtor has failed to maintain mortgage payments to the Secured Creditor, JPMorgan Chase Bank National Association as servicer for Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Trust 2006-2 ("Secured Creditor"). All of the necessary parties to this Motion have been served with copies of the Notice and supporting Application.

## FACTS

As set forth in the application of Secured Creditor, the Debtor executed the Mortgage to the Secured Creditor, or its predecessor in interest, in the amount of $104,000.00, which mortgage was secured by the Mortgaged Premises.

On the 10th day of October, 2008, the Debtor, Silvia Nuer filed a Petition under Chapter 7 of Title 11 U.S.C. §101 et seq with this Court, and an Order for Relief was duly entered. That as of October 24, 2008, the amount owed to the Secured Creditor was approximately $114,717.31. Additionally, to protect its security in the Mortgaged Premises, Secured Creditor may be required to make further advances for property taxes, insurance and related matters.

A Property Valuation of the mortgaged premises, a copy of which is attached hereto, reflects a property value of $137,000.00.

**ARGUMENT**

Section 362(d) provides that "upon request of a party in interest, the court shall grant relief from the automatic stay, (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or (2) with respect to a stay of an action against property under subsection (a) of this section if (a) the debtor does not have any equity in such property; and (b) such property is not necessary to an effective reorganization."

The moving party carries the burden of proof with respect to the issue of equity of the property in question. In re Roxrun Estates, Inc. 74 B.R. 997, 1003 (Bankr. S.D.N.Y. 1987), a secured party is a party in interest for the purposes of §362 motions and by showing that the liens on the property exceed the property's worth, a secured creditor will have met this burden. Id.

Further, in a Chapter 7 case, there can be no question that the property is not necessary for the effective reorganization as the purpose of Chapter 7 is not to reorganize, but rather to self-liquidate. Id. As such, when the Debtor has no equity in the property the automatic stay must be lifted. Id.

As aforementioned, the value of the mortgaged premises is $137,000.00 and as such, no equity exists. Therefore, the stay must be lifted pursuant to §362(d)(1) and (2).

In addition, "a debtor's failure to make regular mortgage payments as they become due constitutes sufficient 'cause' to life the automatic stay." In re Michael Lancelot Taylor, 151 B.R. 646, 648 (Bankr. E.D.N.Y. 1993).

As aforementioned, the Debtor has failed to make 13 payments and the burden shifts to the Debtor to show that the Secured Creditor's interest is otherwise adequately protected. Unless this burden is met, the stay must be lifted pursuant to §362(d)(1).

## **CONCLUSION**

WHEREFORE, it is respectfully requested that the Automatic Stay be modified with respect to the Mortgaged Premises to permit the Secured Creditor to exercise its rights pursuant to the terms of the Mortgage, and for such other and further relief as this Court deem just and equitable.

STEVEN J. BAUM, P.C.
Attorneys for Secured Creditor
JPMorgan Chase Bank National Association as servicer
for Deutsche Bank National Trust Company, as Trustee
for Long Beach Mortgage Trust 2006-2

By: __/s/ Marin L. Buczkowski_____
   Marin L. Buczkowski, Esq.
   Office and Post Address:
   900 Merchant's Concourse, Suite 412
   Westbury, NY 11590
   Telephone 716-204-2400

Subscribed and sworn to before me
this 14th day of November, 2008.
/s/ Lisa A. Cutler
_____
LISA A. CUTLER
Notary Public, State of New York
Qualified in Suffolk County
Commission expires July 26, 2012