**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x

**IN THE MATTER OF:**

**SYLVIA NUER, DEBTOR**          **CHAPTER 7**
                                 **CASE NO.: 08-14106(REG)**

---

## AFFIDAVIT IN SUPPORT OF APPLICATION
## FOR RETENTION OF THE LAW OFFICES OF LINDA M. TIRELLI, ESQ.
## AS SPECIAL COUNSEL TO TRUSTEE

Before me the undersigned authority, a notary public, in and for said state and county, personally appeared Linda M. Tirelli, who, being duly sworn by me, deposes and says under oath as follows:

1.      My name is Linda M. Tirelli I am presently affiliated with the Law Offices of Linda M. Tirelli, Esq. & Westchester Legal Credit Solutions, Inc. whose office is located at 165 Mamaroneck Avenue, White Plains, New York. I am an attorney admitted to the practice of law in the Southern District of New York.

2.      I was engaged by the debtor to represent her regarding her dire financial situation which is entirely attributed to a sequence of events starting with the debtor's inquiry for a two bedroom condo and the sham she was duped into throughout the process of her application for a mortgage and ensuing closing on a property, namely a condominium located at 1651 Metropolitan Avenue # 7C in Bronx, NY. After conducting multiple in depth interviews with the debtor and follow up investigation to verify the facts presented, it seems apparent that the debtor is in fact a victim of extreme fraud, wild deception and outrageous greed on the part of the parties who appear to have been working together, all present and involved with advancing the closing including, but not limited to, the attorney hired to represent her at the closing, the mortgage broker, loan originator, condominium association, settlement agent and title agent. As a result of the actions, inactions, failures, neglect,

deception and woeful misconduct of any, all or some combination of said individuals, entities and institutions debtor has been caused and continues to be caused to suffer unfathomable financial hardship, mental anguish, monetary loss and the like through no fault of her own.

3.      Upon review of the debtor's documentation and preliminary investigations, it seems that the debtor has multiple causes of action against a number of parties arising from the fraud, deception and intolerable greedy acts stemming from most if not all parties involved with aforesaid real estate purchase and closing.  Specifically, at the time of said closing, and in accordance with documents produced for the purpose of the closing, the debtor's then attorney, Joseph A. Altman ("Altman"), of the firm of Joseph A. Altman, PC of Bronx, New York, accepted the conflicting roles of representing both the buyer (now debtor) and the seller in said transaction.  To contort matters further, it is also revealed in the closing documents that Altman also appears to have been offered, provided, accepted and is believed to received a commission as sales broker in the amount of NINETEEN THOUSAND EIGHT HUNDRED FIFTY AND 00/100 ($19,850.00) DOLLARS which amounts to over 15% on the $130,000.00 condominium purchase.

4.      It is further apparent based upon information and/or belief that at said closing, a fabricated document was produced by one or more of the parties in question to bypass obtaining approval of the sale by the condominium association to effectuate the closing. More specifically, a letter of right of first refusal bearing the name of the subject condominium association was produced at the closing and made available to all parties present, on purported official letterhead and signature of "someone" with authority representing the condominium association.  Said document was later discovered to be a complete forgery, not recognized by the condominium association.  At this juncture it is believed that said document was manufactured and produced by one or more of the afore listed parties present at the closing who are believed to have acted in cahoots with Joseph

2

Altman by virtue of the fact that all parties were in a position to recognize the fraud and deception but were still inclined to continue with the closing, presumably for the financial gain of the individual, entity or institution and to the financial detriment of the debtor.

5.  After the closing, the debtor was denied access to the condominium she believed she purchased and rightfully owned, as the condominium association refused to allow her to register as owner, refused payment of her common charges thereby forcing the debtor to carry two homes for approximately two years before defaulting the debtor and seeking to foreclose. Ironically, it was in the offices maintained by the condominium association where the debtor first inquired about the availability of condominiums for sale and where debtor was approached and enticed by the perpetrators of this sham.

6.  In accordance with the debtor's chapter 7 petition, by way of occupation, she is a home health aid worker earning modest hourly wages. Moreover, aside from the debts caused by the series of events described hereinabove, the debtor is arguably a responsible consumer otherwise carrying very little debt.

7.  Your affirmant respectfully submits that the retention of the Law Offices of Linda M. Tirelli, Esq. as special counsel to the Trustee to pursue the actionable causes against all parties involved would be in the best interest of the remaining creditors of this estate.

8.  The retention of the Law Offices of Linda M. Tirelli, Esq. will enable this estate to benefit from the familiarity of facts of this case as well as the efforts of this firm to date, thereby relieving the estate of the cost, expense and delay of new counsel becoming familiar with the facts and circumstances of the action to be commenced.

9.  The terms of my representation of the estate as thus far agreed to by the Trustee David Kittay, his counsel Michelle Gershfeld of the firm of Kittay and Gershfeld of Tarrytown, New York, and the debtor are for compensation on a basis of 33 1/3% contingency basis of the gross recovery, plus reimbursement of out-of-pocket expenses. However, if there is no

3

recovery, the undersigned acknowledges the bankruptcy estate of Sylvia Nuer shall not be responsible for payment of any attorney's fees or for the reimbursement of any out-of-pocket expenses. To date, I have not received any compensation from the debtor or any other entity in connection with my representation in the contested matter described hereinabove. (I have been paid a modest sum of $300.00 as a base fee for the filing of the debtor's petition. Debtor further paid $299.00 for the court imposed filing fee and $50.00 towards her credit counseling requirements.) I understand that I cannot share any compensation with attorneys other than members of my firm unless said professionals are also approved by this Court. I do not have any agreement to share compensation with other attorneys in this matter.

10. I do not represent or hold any interest adverse to the debtor or the estate with respect to the matter upon which I am seeking to be employed.

11. I have no connection with the Trustee, creditors, Bankruptcy Administrator, or any other parties in interest, the debtor, or their respective attorneys, other than with the representation of the debtor in the lawsuit for which I am applying for my employment as a professional person for this specific purpose.

12. The facts as stated herein are true and correct in all cases where I have personal knowledge and other remaining facts and opinions are true and correct according to the best of my knowledge, information and belief. I understand that upon completion of this case, by settlement or otherwise, that I must make separate application for the approval of any settlements recovered on behalf of the debtor and/or the estate pursuant to LBR 9007-1. I also understand that I must make a separate application for the approval of my fees and expenses pursuant to 11 U.S.C. §326, 327, 328 and Rules 2014 and 2016 of The Bankruptcy Rules of Procedure.

4

WHEREFORE, your affirmant respectfully requests the entry of the attached Order for the reasons set forth above.

Linda M. Tirelli, Esq.

Sworn to and submitted before me on this

the 24th day of November, 2008.

_____, Notary Public

My Commission expires: 11/7/2009

ANASTASIA KOURKOUMELIS
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN WESTCHESTER COUNTY
NO. 01KO6136285
MY COMMISSION EXPIRES 11-07-2009