IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF : | CHAPTER 7 CASE |
| | COURT NO: 08-14106 (REG) |
| SYLVIA NUER, DEBTOR | |
| | COURT DATE: WEDNESDAY, |
| | FEBRUARY 11, 2009 AT 11:00 AM |

_____

**AMENDMENT TO DEBTOR'S OBJECTION
TO MOTION FOR TERMINATION OF AUTOMATIC STAY**

In accordance with debtor's objection to motion for termination of automatic stay previously submitted, the debtor's attorney reserved the right to file an amended response after having the opportunity to meet with the debtor for the purpose of reviewing the specific allegations in said motion. Debtor through her attorney hereby exercises said reservation of right and does hereby amended her objection to include the following:

**LEGAL ARGUMENT:**

**MOVANT LACKS STANDING TO BRING A MOTION FOR RELIEF**

Movant JP Morgan Chase Bank National Association as Servicer for Deutsches Bank National Trust Company, as trustee for Long Beach Mortgage Trust 2006-2 lacks the requisite standing to bring a claim pursuant to 11 U.S.C. §362(d). Movant fails to produce a clear chain of assignment to evidence standing as a party in interest by virtue of being a secured creditor or a servicer on behalf of a secure creditor. This notwithstanding the post-petition efforts by movant benefit from the manufacturing and production of an Assignment of Mortgage in violation of 11 U.S.C. §362(a)(4). Such post petition transfer is in violation of 11 U.S.C. §549 and should properly be avoided.

Movant, in its initial motion for termination of stay provided, in part, certain documents in support of their position including an "Assignment of Mortgage" attached hereto as Exhibit "A." Said Assignment of Mortgage upon further examination has a number of inconsistencies both on its face and when viewed

in context with other documents also submitted by the movant. To wit, movant has failed to provide clear and convincing evidence of a chain of assignment and offers no alternate theory or means of tracing any debt between the parties. The documents herein referred to are as follows:

1. The Assignment of Mortgage submitted in support of its motion is dated **November 1, 2008**, which post-dates debtor's filing of her bankruptcy petition of **October 10, 2008**. Said assignment in effect assigns a mortgage and note from assignor, "JP Morgan Chase Bank, National Association, as purchaser" to Assignee, "Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Trust 2006-2" for consideration of ONE DOLLAR AND 00/100 ($1.00) The timing of this assignment and bargain rate leaves the debtor to guess whether this document represents an authentic assignment at all. If it is an authentic assignment, it was commenced post-petition without the Court's permission in violation of 11 U.S.C. §362(a)(4). Alternatively, if it is a falsified document, fabricated as a means to achieving an end advantageous to the movant and wholly to the detriment of the debtor by the movant and its counsel it is fraudulent and again leaves the movant without good standing. Notably absent is any assignment from the loan originator, Long Beach Mortgage Company. Essentially, there is no clear chain of assignment and thus there can be no standing asserted by the movant.
2. The aforesaid Assignment of Mortgage bears Loan Number 0697215101. This loan number does not match any of the additional supporting documents and is inconsistent with the loan number of the mortgage it seeks to assign by reference. Moreover said loan number is unfamiliar to the debtor and does not appear in any other document known to the debtor.
3. The Assignment of Mortgage is endorsed by "Scott Walter Attorney in Fact" and notarized by Adrienne Mitchell in the County of Dakota in the State of Minnesota, dated November 1,

2008. It is believed that Mr. Walter is in fact an employee of the third party vendor and/or regional firm and/or local firm representing the movant. The nature of any authority bestowed upon Mr. Walter remains questionable as does Mr. Walter's motivation for pursuing, effectuating and subsequently producing a post-petition Assignment of Mortgage for purposes of this proceeding, which Movant filed with the court on or about November 10, 2008, just 9 days after the assignment was made. In support of this contention, the Court should be aware, and should take judicial notice, that Mr. Walter has appeared numerous times before other US District Bankruptcy Courts by affidavit before:

   a. On or about May 8, 2008, Mr. Walter appeared *as an officer of Franklin Credit Management Corp.* providing his sworn testimony that he is familiar with information supporting Franklin's motion for relief from stat in chapter 13 bankruptcy case styled *In re Dzik, case no. 08-02485.  See*, Exhibit B, attached.

   b. On or about January 21, 2008, Mr. Walter appeared *as an officer of PHH Mortgage Corporation d/b/a Merrill Lynch Credit Corporation* providing his sworn testimony that he is familiar with information supporting Merrill Lynch's motion for relief from stay in the chapter 13 bankruptcy styled *In re Simmons, case no. 07-bk-02489-TBA*. *See* Exhibit C, attached.

   c. On or about March 10, 2008, Mr. Walter appeared as the *AVP for Washington Mutual Bank as servicer for Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL2* providing his sworn testimony that he is familiar with the information supporting WaMu's motion for relief from stay in the chapter 13 bankruptcy case styled *In re Arnett, case no. 08-bk-00873-JAF*. *See* Exhibit D attached.

d. On or about August 6, 2007, Mr. Walter appeared *as the Assistant Secretary for Option One Mortgage Corporation* providing his sworn testimony that he is familiar with the information supporting Option One's motion for relief from stay in the chapter 13 case styled *In re Johnson, case no. 07-bk-02828-GLP*. *See* Exhibit E, attached.

e. On or about June 17, 2008, Mr. Walter appeared *as an Officer of IndyMac Bank, F.S.B.*, providing his sworn testimony that he is familiar with the information supporting IndyMac's motion for relief from stay in the chapter 11 case styled *In re Carver, case no.08-03213-JAF*. *See* Exhibit F, attached.

The repeated use of the same rubber stamp of Mr. Walter identifies the automation in the production of such documents and affidavits which are routinely produced in connection with motions seeking relief from stay in this and other districts involved in similar proceedings. This is further evidence of an abuse of process.

4. In movant's document entitled "Affidavit in Further Support of Motion for Termination of the Automatic Stay" submitted on Friday, January 30, 2009 the movant attached a document purported to be a "Full Payment History" of debtor's account. *See* Exhibit G, attached. While the debtor does not concede the accuracy or authenticity of what appears to be an untitled "chart" which bears no identifying loan numbers whatsoever, and hereby disputes the same, it is worth noting a $65.00 fee assessed on 11/12/2008 for "Corp. Assign." Again, bearing no identifying information pertaining to any specific loan number, it is not possible for debtor to ascertain any relationship to debtor's alleged obligations. However, for argument sake, if this were a representation of the debtor's account it again appears the

movant charged fees associated with assignment of the mortgage post-petition which further shows the movant's violation 11USC§ 362(a)(4). Or, perhaps, given the seemingly low cost, it could be the price of a document executed for the purpose of filing movants motion on November 10, 2008.

The above demonstrates the automated system set into motion by and on behalf of the movant, a mortgage servicer, and others employed by it and involved in the process including its affiliates (ie., analysts, supervisors and other personnel employed by mortgage servicers; third-party vendors; regional law firms; and local counsel including individual attorneys) to submit documents which are fabricated for the purpose of being presented to the court, hoping not to be looked at all too carefully. In the end, movant is not a party in interest and lacks standing to bring its motion.

Movant omitted to disclose to the Court the fact that at it attempted to cure its chain of title post-petition. "Factual omissions may also be the basis for a violation of Rules 11 or 9011" *In re Kouterick*, 167 B.R.353, 364 (Bankr. D. NJ. 1994) The Seventh Circuit has upheld sanctions for omitting "highly relevant" facts:

> While the appellant did not misstate an empirical fact, it did omit facts that were highly relevant to an accurate characterization of the facts that were stated. Such an obvious omission placed a heavy burden on a court. The presentation amounts, in its totality, to a half truth that can be just as misleading, sometimes more misleading, than an absolutely false representation. *In re Ronco, Inc*. 838 F.2d 212,218(7th Cir.1988).

At no time in the instant case did the movant provide the dates and or methods of assignment but rather glossed over the steps with no detail. Upon further investigation, it is clear that at the time of the filing of debtor's petition, movants did not have an unbroken chain of assignment and deliberately attempted to cure the imperfections for the purpose of filing the instant motion.

> Debtor further contends that movant has committed a clear abuse of judicial process, sanctionable under 11 USC §105. In a recent well versed opinion of Hon. Cecilia Morris of US Bankruptcy Court, SDNY *In re Schuessler* Chapter 7 Case No. 07-35608 (cgm)

MEMORANDUM DECISION FOLLOWING EVIDENTIARY HEARING a matter which, like the instant case, involves both a subsidiary of Chase and the firm of Steven J. Baum Associates, the Court warned,

*"This decision is published as a warning, not just to Chase Home Finance and other mortgage servicers, but to all individuals and entities involved in the process, along the line – analysts, supervisors and other personnel employed by mortgage servicers; third-party vendors; regional law firms; and local counsel – that the conduct identified here, in this Court's view, constitutes an abuse of process. Although the Court's focus in this case was on the mortgage servicer's conduct and did not order all of the participants to appear and respond to this Order to Show Cause, they will be included in future orders if such abusive conduct continues, and the Court will assume familiarity with this decision."*

Hon Judge Morris further warned,

*"If Chase Home Finance, other mortgage servicers and any employees, third-party vendors, or any attorneys involved in the process at any level exhibit the same type of abusive conduct in the future, this Court believes that Section 105(a) authorizes sanctions of increasing severity."*

Debtor hereby respectfully requests the Court to follow through with its prior warning and impose additional sanctions on the movant for abuse of process.

## **Conclusion**

It is respectfully asserted that the movant is not a party in interest and lacks standing to bring a motion seeking relief from stay under 11 U.S.C. §362(d) and therefore should be disallowed.

Movant does not have standing to file a motion seeking relief from stay if it is not a creditor/party of interest and therefore it's motion should be denied.

WHEREFORE, debtor respectfully requests as follows:

a. All relief sought in debtors initial objection be granted;
b. That movant's motion for termination of stay be denied with prejudice and that debtor's objection to motion be sustained;
c. That counsel for debtor be awarded attorney's fees for bringing this objection and amendment to be paid directly by movant;
d. That the post petition assignment of mortgage be avoided; and
e. For such other and further relief as this Court may deem just and proper.

Dated this the 3rd day of February 2009.

__/s/_LMT_____
Linda M. Tirelli, Esq.
Law Offices of Linda M. Tirelli
& Westchester Legal Credit Solutions, Inc.
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601
Phone: (914)946-0860 / Fax: (914)946-0870
Primary Email: WestchesterLegal@aol.com

# CERTIFICATE OF SERVICE

Linda M. Tirelli, attorney of record in this case for the debtor, and retained as Special Counsel to the Estate, hereby certifies to the Court as follows:

1. I am not a party to this case;
2. I am over the age of 18 years;
3. I have this day served a copy of the foregoing Amendment to Debtor's Objection to Motion for Termination of Automatic Stay, on the parties listed below by placing the same in an envelope, first class mail, postage prepaid, addressed to each person or entity as indicated below:

Sylvia Nuer, Debtor
1735 Purdy Street, Apt. 1-D
Bronx, NY 10462

Dennis Jose, Esq.
Steven J. Baum, P.C. Attorneys for Movant
Attorneys for Creditor JP Morgan Chase Bank National Association
Servicer for Deutsche Bank National Trust Company,
As Trustee for Long Beach Mortgage Trust 2006-2
900 Merchants Concourse, Suite 412
Westbury, NY 11590

Michelle Gershfeld, Esq.
Kittay and Gershfeld, PC
Counsel for Chapter 7 Trustee
100 White Plains Road, 2nd Floor
Tarrytown, NY 10004

US Trustee
Office of US Trustee
33 Whitehall Street, Floor 21
New York, NY 10004

4. To the best of my knowledge, information and belief, the parties in interest in this case are not infants or incompetent persons; and
5. Service as outlined herein is made within the United States of America.

Dated this the 3rd day of February 2009.

__/s/ LMT_____
Linda M. Tirelli, Esq.
Law Offices of Linda M. Tirelli
& Westchester Legal Credit Solutions, Inc.
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601
Phone: (914)946-0860 / Fax: (914)946-0870
Primary Email: WestchesterLegal@aol.com