UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

    Silvia Nuer,

        Debtor.

Chapter 7
Case No. 08-14106

Hon. Robert E. Gerber
U.S. Bankruptcy Judge

---

**SUPPLEMENTAL AFFIRMATION IN FURTHER SUPPORT
OF MOTION FOR TERMINATION OF THE AUTOMATIC
<u>STAY.</u>**

Natalie A. Grigg, Esq., an attorney duly admitted to practice before the United States Bankruptcy Court for the Southern District of New York, states the following under the penalty of perjury:

1. I am an associate with Steven J. Baum, P.C., the attorneys for JP Morgan Chase Bank National Association as servicer for Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Trust 2006-2 (the "Secured Creditor"), a secured creditor of Silvia Nuer (the "Debtor"), and as such, am fully familiar with the facts and circumstances contained herein.

2. This Affirmation is submitted in response to Debtor's amendment to Debtor's objection and in further support of Secured Creditor's motion to terminate the automatic stay as to the Debtor's interest in real property commonly known as 1651 Metropolitan Avenue, 7C, Bronx, NY 10462.

## ARGUMENT

## POINT I

## THE ASSIGNMENT IS VALID.

3. Debtor's argument that a valid assignment does not exist is without merit. Your affiant's firm executed two assignments in the preparation of this motion. The assignment attached to the motion papers was signed by Scott Walter. Scott Walter has the authority pursuant to a Limited Power of Attorney to sign authorized documents, including assignments of mortgages or deeds of trust, on behalf of JP Morgan Chase. See Limited Power of Attorney attached hereto as **Exhibit A**. The second assignment prepared by the firm was executed by a representative of JP Morgan Chase and is attached hereto as **Exhibit B**. The second assignment was recorded in the New York City Department of Finance Office of the City Register.

4. To the extent that the Debtor is challenging the assignment for the reasons set forth in the record, the assignment is valid. However, if the Debtor is unsatisfied by that assignment, the recorded assignment is clearly valid as it is was executed by a representative of JPMorgan Chase.

5. As for Debtor's allegations regarding the other affidavits submitted by Scott Walter, your affiant has no information regarding those cases as neither your affiant, nor this law firm, acted as counsel in those cases.

## POINT II

## THE EXECUTION OF AN ASSIGNMENT AFTER THE FILING OF A BANKRUPTCY PETITION DOES NOT VIOLATE THE AUTOMATIC STAY.

6. Additionally, the execution of an assignment is not in violation of Section 362(a)(4) of the Bankruptcy Code, and Debtor cites to no legal authority to support her allegations to the contrary.

2

7. The sale of a mortgage is the sale of a commodity and not the creation, perfection, or enforcement of a lien against the Mortgaged Premises. The creation of the lien took place at the time the mortgage was executed by the Debtor, and was perfected when the mortgage was recorded with the Office of the City Register of the City of New York on the 20th day of January, 2006.

8. The recordation of the mortgage instrument perfected the lien against the Debtors' property and served as constructive notice that the mortgage lien existed. *See* NY RPL §291; *Alliance Funding Co. v. Taboada*, 39 A.D.3d 784 (2d Dep't 2007) (holding that the date the mortgage is recorded is the operative point for determining the rights of those claiming under the mortgage). Thus, the written assignment dated after the bankruptcy was filed did not affect the pre-petition perfection of the lien as against the Debtors' property. *See, e.g., Rogan v. Bank One, N.A. (In re Cook)*, 457 F.3d 561, 567 (6th Cir. 2006) (holding that creditor's failure to file an assignment prior to the bankruptcy filing "did not affect the perfection of the lien as against the mortgagors and those claiming through them"); *Fannie Mae v. Kuipers*, 314 Ill. App. 3d 631 (Ill. App. Ct. 2000) (holding that the assignee of a mortgage was not required to record the assignment because the assignee "stood in the shoes" of the mortgage company, which had recorded its interest); *See also, generally Obuchowski v. Associates Nat'l Mortgage Ass'n (In re Briggs)*, 186 B.R. 830, 833 (Bankr. D. Vt. 1995) (holding that a bankruptcy trustee could not avoid a mortgage lien based on the fact that the mortgage assignment was unrecorded, because the recording of the original mortgage gave the trustee constructive notice).

9. In fact, an assignment of a properly perfected mortgage merely represents a transfer of a lien's ownership between creditors, rather than a perfection of the underlying lien against the property. *See Kapila v. Atlantic Mort. & Inv. Corp. (In re Halabi)*, 184 F.3d 1335, 1337 (11th Cir. 1999) ("In each instance, the assignment was merely the transfer of one mortgagee's interest to a

successor mortgagee."); *Patton v. State Street Bank (In re Patton)*, 314 B.R. 826, 833 (Bankr. D. Kan. 2004) (holding that where a mortgage is properly perfected pre-petition, subsequent assignments do not violate the automatic stay, and that recording such assignments would likely be ministerial in nature). Therefore, Debtor's argument that the automatic stay has been violated is without merit.

## POINT III

### THE TRANSFER OF A NOTE AND MORTGAGE DOES NOT REQUIRE A WRITTEN ASSIGNMENT.

10. The Secured Creditor submitted an assignment as part of its underlying proof, however, it had no obligation to do so. It is well settled that while an assignment of mortgage is evidence of ownership of that mortgage, case law establishes that a mortgage can be transferred by delivery, without a written assignment. *See In re Conde-Dedonato*, 391 B.R. 247, 2008 Bankr. LEXIS 2013 (Bankr. E.D.N.Y. July 22, 2008) ("An effective mortgage assignment is accomplished by delivery only. There is no need for a written assignment from the owner of the note and mortgage when it transfers its interests by delivering the actual note and mortgage to the assignee."); *see also* Bergman on New York Mortgage Foreclosures, § 16.05(1b)(a); *Flyer v. Sullivan*, 284 A.D. 697, 134 N.Y.S.2d 521 (1st Dep't 1954), *citing Levy v. Louvre Realty Co.*, 222 N.Y. 14, 20, 118 N.E. 207 (1917). As Bruce J. Bergman concludes,

> "A written assignment is not a prerequisite to the validity of an assignment of a mortgage because a mortgage can be assigned by mere delivery. Similarly expressed, there is no legal need for an assignment in writing. Rather an effectual mortgage assignment is accomplished by delivery only. Succinctly summed up, ***title to a note and mortgage passes by delivery of those instruments and no formal written transfer is necessary.***"

4

11. The Uniform Commercial Code also provides that, "[t]he holder of an instrument whether or not he is the owner may...enforce payment in his own name." U.C.C. §3-301. A "holder" is defined as "a person in possession of a document of title or an instrument...issued or indorsed to him or to his order...." U.C.C. §1-201(20). Therefore if possession of an instrument is delivered by voluntary transfer to an entity or person with the intention of also transferring the rights to enforce that instrument, the transferee is entitled to enforce the instrument as its holder.

12. The law is clear that a written assignment is not required in order to transfer ownership, nor is recording of any such assignment required in the local Clerk's or Registrar's office. Key to the effectuation of an unwritten assignment is the transferor's intention to vest his rights in the transferee in a perfected transaction. *Leon v. Martinez*, 84 N.Y.2d 83, 88; 614 N.Y.S.2d 972 (1994).

13. As can be seen from the underlying mortgage documents, the loan originated with Long Beach Mortgage Company.

14. The loan was transferred to the Long Beach Mortgage Trust on April 7, 2006, of which Deutsche Bank National Trust Company was trustee.

15. Washington Mutual Bank is the ultimate successor in interest to Long Beach Mortgage Company. See affidavit of facts attached hereto as **Exhibit C**. Washington Mutual Bank remained the service provider for the loans transferred as part of the Pooling and Servicing Agreement that was executed effective March 1, 2006.

16. JPMorgan Chase Bank, National Association, became the service provider on the Note and Mortgage obligation on September 25, 2008 pursuant to a Purchase and Acquisition Agreement between the Federal Deposit Insurance Corporation (FDIC) acting as receiver for Washington Mutual Bank, and JPMorgan Chase Bank. The recorded FDIC Affidavit, attached hereto as **Exhibit D**, documents the transfer of assets from Washington Mutual Bank to JPMorgan Chase

Bank, and evidences that the loans and interests in loans were transferred from the former Washington Mutual Bank to JPMorgan Chase Bank, National Association, without the need for a loan-specific assignment.

17. The current holder of the Note and Mortgage obligation is Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Trust 2006-2

18. The facts of this case show that Deutsche Bank National Trust Company is the current holder of the note and mortgage and that JP Morgan Chase has been the servicer since September 25, 2008. "As an agent of the current holder [JP Morgan Chase] has the authority to collect on the note and mortgage on the holder's behalf." *Conde-Dedonato*, 391 B.R. at 251.

19. Based on the foregoing, the Debtor's arguments must fail and the Secured Creditor's motion should be granted.

**WHEREFORE**, the Secured Creditor respectfully requests an Order of this Court granting Secured Creditor's Motion for Relief in its entirety, together with such other and further relief as the Court deems just and equitable.

/s/ Natalie A. Grigg
Natalie A. Grigg, Esq.