# Long Beach Mortgage Company
## Certificate of Assistant Secretary

I, Elizabeth A. Proctor, certify that:

1. I am a duly elected Assistant Secretary of Long Beach Mortgage Company (the "Company").
2. Washington Mutual, Inc. became the Sole Shareholder of the Company on October 1, 1999 ; and
3. Washington Mutual, Inc. is the current Sole Shareholder of the Company as of the date of this certificate.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the corporate seal of the Company, this 14th day of July, 2005.

*Elizabeth A. Proctor*

Elizabeth A. Proctor, Assistant Secretary

STATE OF WASHINGTON )
                      ) SS.
COUNTY OF KING )

      I certify that I know or have satisfactory evidence that Elizabeth A. Proctor is the person who appeared before me, and said person acknowledged that she signed this instrument, on oath stated that she was authorized to execute the instrument and acknowledged it as the Assistant Secretary of Long Beach Mortgage Company to be the free and voluntary act of such party for the uses and purposes mentioned therein.

      Dated this 14th day of July, 2005.

*Regina C. Boyd*

Regina C. Boyd
Notary Public in and for the State of Washington, residing in Granite Falls.
My commission expires: January 5, 2006

DOCSSEA/101459.1



SOUTH DAKOTA, MINNEHAHA COUNTY
Recorded JUN 2 8 2007 at 12:18 o'clock
In Book 257 of Misc Page 198
JULIE D. RISTY, REGISTER OF DEEDS
By Brower Deputy 70 160
0x

**AFFIDAVIT OF FACTS**

**WASHINGTON MUTUAL BANK, SUCCESSOR IN INTEREST TO**
**LONG BEACH MORTGAGE COMPANY.**

R719892                     BOOK 257 PAGE 198     V

I, William L. Lynch, having first been duly sworn, hereby make this Affidavit and say that:

1. I am the Secretary of Washington Mutual Bank (the "Company") and, as such, have custody of the corporate records of the Company.

2. I make and execute this Affidavit based upon my personal knowledge of the contents of the corporate records of the Company.

3. The Company and Wilmington Trust Company, a Delaware banking corporation ("Wilmington Trust"), were the sole parties to the Revocable Trust Agreement dated as of June 7, 2006 (the "Trust Agreement") between the Company, as Trustor, the Company, as General Trustee, and Wilmington Trust, as Administrative Trustee (the "Administrative Trustee"), which created a trust hereinafter referred to as the "Trust." A complete and correct copy of the Trust Agreement is attached hereto as Exhibit A. At all times during the existence of the Trust, the Company was the sole beneficiary under the Trust Agreement and of the Trust. The Company and Wilmington Trust, as the sole parties to the Trust Agreement, never amended the Trust Agreement to change the sole beneficiary or to add a beneficiary, or in any other respect. The Company never assigned or otherwise transferred all or any part of its interest as sole beneficiary under the Trust Agreement and of the Trust.

4. The Company owned all the outstanding stock of Long Beach Mortgage Company, a Delaware corporation ("Long Beach"), prior to the conversion of Long Beach into a Delaware limited liability company, of which the Company was the sole member, as described in paragraph 6, below.

5. Long Beach was converted from a Delaware corporation into a Delaware limited liability company, Long Beach Mortgage Delaware LLC (the "LLC"), of which the Company was the sole member, on July 1, 2006. A true, correct and complete copy of the Certificate of Formation as filed with the Secretary of State of the State of Delaware on July 1, 2006 is attached hereto as Exhibit B and a true, correct and complete copy of the Certificate of Conversion as filed with the Secretary of State of the State of Delaware on July 1, 2006 is attached hereto as Exhibit C. As a result of the conversion, the LLC became the successor in interest to Long Beach by operation of law.

6. Following the conversion of Long Beach into the LLC, the LLC was merged into the Trust. A true, correct and complete copy of the Certificate of Merger merging the LLC into the Trust as filed with the Secretary of State of the State of Delaware on July 1, 2006 is attached hereto as Exhibit D. As a result of the merger, the Trust became the successor in interest to the LLC by operation of law.

7. After the LLC was merged into the Trust, the Administrative Trustee resigned pursuant to the Notice of Resignation effective at 3:03 A.M. EDT on July 1, 2006 (the "Resignation"). A true, correct and complete copy of the Resignation is attached hereto as **Exhibit E**. Upon the effectiveness of the Resignation, there was no distinction between the beneficiary and the sole remaining trustee of the Trust and therefore the Company, as sole beneficiary and sole trustee, became the successor in interest to the Trust by operation of law.

8. As a result of the transactions described above, the Company is the ultimate successor in interest to Long Beach, the LLC and the Trust by operation of law.

Executed this 3rd day of July, 2006.

The Company has not adopted
any form of Corporate Seal.

By: _____

William L. Lynch, individually
and as Secretary of Washington
Mutual Bank

STATE OF WASHINGTON )
                       ) SS.

COUNTY OF KING )

I certify that I know or have satisfactory evidence that William L. Lynch is the person who appeared before me, and said person acknowledged that he signed this instrument, on oath stated that he was authorized to execute the instrument and acknowledged it as the Secretary of Washington Mutual Bank to be the free and voluntary act of such party for the uses and purposes mentioned therein.

Dated this 3rd day of July, 2006.

_____

Chriselda M. Landon
Notary Public in and for the State of
Washington, residing in Seattle
My commission expires: February 26, ~~2007~~ 2007

> Notary Public
> State of Washington
> CHRISELDA LANDON
> My Appointment Expires Feb 26, 2007

524773

**PREPARED BY:**

LIZ PROCTOR
WASHINGTON MUTUAL BANK
1301 SECOND AVE. WMC3501
SEATTLE, WA 98101
(206) 461-2000

**Exhibit A**

# REVOCABLE TRUST AGREEMENT

REVOCABLE TRUST AGREEMENT, dated as of this 7th day of June, 2006, between Washington Mutual Bank, a federal savings association, as "Trustor," and Washington Mutual Bank, as "General Trustee," and Wilmington Trust Company, a Delaware banking corporation, as "Administrative Trustee" (collectively the General Trustee and Administrative Trustee are referred to hereinafter as "Trustees," each a "Trustee").

### Trust Property

I.     Trustor desires to form and Trustees desire to accept a trust hereunder, with Trustor being the sole beneficiary thereof, to be effective as of the date of execution of this agreement by both General Trustee and Administrative Trustee. Certain property described in Schedule A attached hereto is herewith delivered to Trustees. Such property, together with such other property acceptable to Trustees as may hereafter be received and held by Trustees, shall comprise the "trust fund."

### Management

II.     Trustees shall hold and administer the trust fund, collect the income, pay the taxes, charges and expenses properly attributable to the trust and distribute the net income and principal as hereinafter provided:

(A)     From the effective date of this agreement until December 31, 2006 (the "Trust Term"): Trustor shall be sole beneficiary of the trust formed hereunder, and Trustees shall pay to Trustor all of the net income of the trust fund, in convenient installments but not less frequently than annually, and so much of the principal thereof as Trustor may at any time or times request in writing.

(B)     Upon the expiration of the Trust Term, Trustees shall distribute the then remaining principal and income of the trust fund, if any, to Trustor.

## Trustee Powers

III.     Trustees shall have all of the powers and authority granted to trustees by Delaware law, including, without limitation, the powers granted under Sections 3324 and 3325 of Title 12 of the Delaware Code.

## Trustees

IV.     Other provisions governing Trustees are:

(A)     Appointment of Successor Trustees: In the event of the inability or unwillingness to serve of the initial or any successor General Trustee or Administrative Trustee, Trustor may, but need not, appoint a successor Trustee.

(B)     Resignation: Any Trustee may resign as General Trustee or Administrative Trustee, as applicable, at any time and for any reason by written notice delivered to Trustor. Any such resignation shall be effective as of the future date and time specified in the notice or upon delivery of the notice if no such future effective date and time is specified in the notice whether or not a successor Trustee has been appointed.

(C)     Compensation:     General Trustee shall not be entitled to compensation. Administrative Trustee shall be entitled to compensation as agreed from time to time between Trustor and Administrative Trustee.

(D)     Accountings: Trustees shall be relieved of any obligation to give bond, to provide any surety, or to submit any inventory or account of this trust to any public official or court having jurisdiction over the trust.

(E)   Special Liability Provision:   Neither General Trustee nor Administrative Trustee shall incur any liability by reason of any error of judgment, mistake of law, or action of any kind taken or omitted to be taken in connection with the administration of the trust, except for a matter involving such Trustee's own willful misconduct, proven by clear and convincing evidence in the court then having primary jurisdiction over the trust. General Trustee, Administrative Trustee and each former General Trustee and former Administrative Trustee shall be fully indemnified by the Trustor and the trust fund against (1) any claim or demand by any person having an interest in the trust, trust creditor or third party arising on account of, or in connection with, any action taken or omitted to be taken in connection with the administration of the trust formed hereunder, except for any claim or demand based on that General Trustee's or Administrative Trustee's own willful misconduct proven by clear an convincing evidence in the court then having primary jurisdiction over the trust, and (2) any cost or expense (including reasonable attorney fees) incurred by General Trustee or Administrative Trustee in connection with any claim or demand for which General Trustee or Administrative Trustee is entitled to indemnification hereunder. Such right of indemnification shall survive the termination of the trust. In no event shall General Trustee or Administrative Trustee be liable for any matter with respect to which it is not authorized to participate hereunder or for any act or action occurring before it first became a General Trustee or Administrative Trustee hereunder.

(F)   Administrative Trustee:   Notwithstanding any other provisions of this agreement, Administrative Trustee shall have no duties or obligations hereunder except to the extent described in this Paragraph and General Trustee acting alone shall perform all of those Trustee duties and exercise all of those Trustee powers not specifically assigned to Administrative Trustee pursuant to this Paragraph. Administrative Trustee shall have no implied

- 3 -

duties and shall have only the following exclusive duties, which shall all be carried out in the State of Delaware and shall be performed by Administrative Trustee in its sole discretion and not at the direction of General Trustee:

(1) To maintain bank accounts, brokerage accounts and other custody accounts which receive trust income and contributions and from which trust expenditures and distributions are disbursed.

(2) To maintain storage of tangible personalty and evidence of intangible trust property.

(3) To maintain trust records.

(4) To maintain an office for Trustee meetings and other trust business.

(5) To originate, facilitate and review trust accountings, reports and other communications with Trustor, General Trustee, beneficiaries and unrelated third parties.

(6) To respond to written inquiries concerning the trust formed hereunder from Trustor, General Trustee, beneficiaries and unrelated third parties.

(7) To execute documents with respect to trust account transactions.

(8) To retain accountants, attorneys, investment counsel, agents and other advisers in connection with the performance of Administrative Trustee's duties.

Administrative Trustee shall have no other duties, obligations, or authority and General Trustee shall perform all of the other duties of Trustee and need not obtain the consent

of, consult with, or otherwise advise, Administrative Trustee prior to exercising its powers or performing its duties under this agreement. General Trustee may remove Administrative Trustee at any time without cause and need not appoint a successor Administrative Trustee.

## Miscellaneous Terms

V.     The other provisions governing this agreement are:

(A)     <u>Third Party Responsibility</u>:  No one dealing with Trustees need verify the application of any money paid or property delivered to Trustees, inquire into the necessity or propriety of Trustees' exercise of any of the powers herein conferred, or determine the existence of any fact upon which Trustees' power to perform any act hereunder may be conditioned.

(B)     <u>Revocation</u>: Trustor shall at all times have the right by an instrument in writing, executed and delivered to Trustees, to amend or terminate this agreement, either in whole or in part, although an amendment shall not substantially change the duties, powers, liabilities and compensation of Trustees without their consent, and Trustees shall be paid their expenses in delivering any property with reference to which the agreement is terminated.

(C)     <u>Construction and Controlling Law</u>:  This is a Delaware agreement and forms a Delaware trust.  All matters pertaining to the validity, construction, and application of this agreement or to the administration of the trust formed by it shall be governed by Delaware law.

(D)     <u>Merger</u>:  In the event Administrative Trustee is removed or resigns and Trustor becomes, in addition to being the sole beneficiary, the sole Trustee of the trust hereunder, Trustor intends that the legal title and beneficial ownership in the trust fund shall thereupon merge in Trustor by operation of law.

IN WITNESS WHEREOF, the parties have hereunto set their hands.

WASHINGTON MUTUAL BANK, Trustor

By: _____
Name: Fay L. Chapman
Title:   Senior Executive Vice President


WASHINGTON MUTUAL BANK,
General Trustee

By: _____
Name: Fay L. Chapman
Title:   Senior Executive Vice President


WILMINGTON TRUST COMPANY
Administrative Trustee


By: _____
     Name:
     Title:

480806

- 6 -

STATE OF WASHINGTON )
) SS.
COUNTY OF KING )

    BE IT REMEMBERED, that on this 7ᵗʰ day of _June_ , 2006, personally came before me, the Subscriber, a Notary Public in and for the State and County aforesaid, _Paul Westphal_, an authorized officer of WASHINGTON MUTUAL BANK, a federal savings association, party to this instrument, known to me personally to be such, and acknowledged that this instrument is the act and deed of said bank.

    GIVEN under my Hand and Seal of office, the day and year aforesaid.

Notary Public
State of Washington
CHRISELDA LANDON
My Appointment Expires Feb 26, 2007

_[signature]_
Notary Public

CHRISELDA LANDON

IN WITNESS WHEREOF, the parties have hereunto set their hands.

WASHINGTON MUTUAL BANK, Trustor

By: _____

WASHINGTON MUTUAL BANK,
General Trustee

By: _____

WILMINGTON TRUST COMPANY
Administrative Trustee

By: _____
    Name:
    Title:   Janel R. Havrilla
           Senior Financial Services Officer

480806

- 6 -

STATE OF DELAWARE     )
                           ) SS.

COUNTY OF NEW CASTLE   )

        BE IT REMEMBERED, that on this _7ᵗʰ_ day of _June_, 2006, personally came before me, the Subscriber, a Notary Public in and for the State and County aforesaid, _Janet R Hartman_, an authorized officer of WILMINGTON TRUST COMPANY, a Delaware banking corporation, party to this instrument, known to me personally to be such, and acknowledged that this instrument is the act and deed of said corporation.

        GIVEN under my Hand and Seal of office, the day and year aforesaid.

_Bethany Taylor_
Notary Public
Bethany J. Taylor
Notary Public - State of Delaware
My Comm. Expires Oct. 20, 2007

# SCHEDULE A

Consisting of One Page

Of

Trust Agreement Dated as of June 7, 2006

Between

WASHINGTON MUTUAL BANK, Trustor

And

WASHINGTON MUTUAL BANK, General Trustee

And

WILMINGTON TRUST COMPANY, Administrative Trustee

**Five Dollars ($5.00)**

**Exhibit B**

# Delaware

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE DO HEREBY CERTIFY THAT THE ATTACHED IS A TRUE AND CORRECT COPY OF CERTIFICATE OF FORMATION OF "LONG BEACH MORTGAGE DELAWARE LLC" FILED IN THIS OFFICE ON THE TWENTY-SEVENTH DAY OF JUNE, A.D. 2006, AT 7:50 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF THE AFORESAID CERTIFICATE OF FORMATION IS THE FIRST DAY OF JULY, A.D. 2006, AT 3:01 O'CLOCK A.M.



2608496   8100V

060625014

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 4866578

DATE: 06-29-06

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 07:59 PM 06/27/2006*
*FILED 07:50 PM 06/27/2006*
*SRV 060618738 - 2608496 FILE*

# CERTIFICATE OF FORMATION

## OF

## LONG BEACH MORTGAGE DELAWARE LLC

This Certificate of Formation is being filed pursuant to Section 18-214 of the Delaware Limited Liability Company Act, 6 Del. C. §§ 18-101 et seq. (the "Delaware LLC Act"), in connection with the conversion of Long Beach Mortgage Company, a Delaware corporation, to a Delaware limited liability company.

The undersigned, being duly authorized to execute and file this Certificate of Formation, does hereby certify as follows:

1.    Name.    The name of the limited liability company is Long Beach Mortgage Delaware LLC (the "Company").

2.    Registered Office and Registered Agent.    The Company's registered office in the State of Delaware is located at 1201 North Market Street, Post Office Box 1347, Wilmington, Delaware 19801. The registered agent of the Company for service of process at such address is Delaware Corporation Organizers, Inc.

3.    Effective Time.    The effective date and time of this Certificate shall be July 1, 2006, at 3:01 A.M. EDT.

IN WITNESS WHEREOF, the undersigned has duly executed this Certificate of Formation as of June 21, 2006.

By: _____
      Name: David C. Schneider, President
      An Authorized Person

**Exhibit C**

# Delaware

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE DO HEREBY CERTIFY THAT THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF CONVERSION OF A DELAWARE CORPORATION UNDER THE NAME OF "LONG BEACH MORTGAGE COMPANY" TO A DELAWARE LIMITED LIABILITY COMPANY, CHANGING ITS NAME FROM "LONG BEACH MORTGAGE COMPANY" TO "LONG BEACH MORTGAGE DELAWARE LLC", FILED IN THIS OFFICE ON THE TWENTY-SEVENTH DAY OF JUNE, A.D. 2006, AT 7:50 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF THE AFORESAID CERTIFICATE OF CONVERSION IS THE FIRST DAY OF JULY, A.D. 2006, AT 3:01 O'CLOCK A.M.

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

2608496   8100V

060625014

AUTHENTICATION: 4866578

DATE: 06-29-06

State of Delaware
Secretary of State
Division of Corporations
Delivered 07:59 PM 06/27/2006
FILED 07:50 PM 06/27/2006
SRV 060618738 - 2608496 FILE

## CERTIFICATE OF CONVERSION

### CONVERTING

### LONG BEACH MORTGAGE COMPANY
(A Delaware Corporation)

### TO

### LONG BEACH MORTGAGE DELAWARE LLC
(A Delaware Limited Liability Company)

This Certificate of Conversion is being filed for the purpose of converting Long Beach Mortgage Company, a Delaware corporation (the "Converting Corporation"), to a Delaware limited liability company to be named "Long Beach Mortgage Delaware LLC" (the "Company") pursuant to Section 18-214 of the Delaware Limited Liability Company Act, 6 Del. C. §§18-101 et seq. (the "Delaware LLC Act"), and Section 266 of the General Corporation Law of the State of Delaware, 8 Del. C. §§ 101 et seq. (the "DGCL").

The undersigned, as an authorized person of the Company, does hereby certify as follows:

1.   Name of Converting Corporation.   The name of the Converting Corporation immediately prior to the filing of this Certificate of Conversion was "Long Beach Mortgage Company." The Converting Corporation was originally incorporated as "Ameriquest Mortgage Corporation."

2.   Date and Jurisdiction of Organization of Converting Corporation.   The date on which, and the jurisdiction where, the Converting Corporation was incorporated, which jurisdiction has not changed, are as follows:

| Date | Jurisdiction |
| --- | --- |
| April 11, 1996 | Delaware |

3.   Name of Converted Limited Liability Company.   The name of the Delaware limited liability company to which the Converting Corporation is being converted and the name set forth in the Certificate of Formation of the Company filed in accordance with Section 18-214(b) of the Delaware LLC Act is "Long Beach Mortgage Delaware LLC."

4.   Effective Time.   The effective date and time of this Certificate shall be July 1, 2006, at 3:01 A.M. EDT.

**IN WITNESS WHEREOF**, the undersigned has duly executed this Certificate of Conversion as of June 21, 2006.

LONG BEACH MORTGAGE DELAWARE LLC

By: _____
Name: David C. Schneider, President
An Authorized Person

**Exhibit D**

# Delaware

PAGE 1

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF MERGER, WHICH MERGES:

"LONG BEACH MORTGAGE DELAWARE LLC", A DELAWARE LIMITED LIABILITY COMPANY,

WITH AND INTO "TRUST U/A DATED AS OF JUNE 7, 2006, BETWEEN WASHINGTON MUTUAL BANK, AS SETTLOR, AND WILMINGTON TRUST COMPANY" UNDER THE NAME OF "TRUST U/A DATED AS OF JUNE 7, 2006, BETWEEN WASHINGTON MUTUAL BANK, AS SETTLOR, AND WILMINGTON TRUST COMPANY", A COMMON LAW TRUST ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, AS RECEIVED AND FILED IN THIS OFFICE THE TWENTY-SEVENTH DAY OF JUNE, A.D. 2006, AT 7:59 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF THE AFORESAID CERTIFICATE OF MERGER IS THE FIRST DAY OF JULY, A.D. 2006, AT 3:02 O'CLOCK A.M.

2608496  8100M

060625133

Harriet Smith Windsor, Secretary of State
AUTHENTICATION: 4867134

DATE: 06-29-06

State of Delaware
Secretary of State
Division of Corporations
Delivered 07:59 PM 06/27/2006
FILED 07:59 PM 06/27/2006
SRV 060618742 - 2608496 FILE

## CERTIFICATE OF MERGER
## MERGING
## LONG BEACH MORTGAGE DELAWARE LLC
## INTO
## TRUST U/A DATED AS OF JUNE 7, 2006, BETWEEN WASHINGTON MUTUAL
## BANK, AS SETTLOR, AND WILMINGTON TRUST COMPANY AND WASHINGTON
## MUTUAL BANK, AS CO-TRUSTEES

The Trust u/a dated as of June 7, 2006, between Washington Mutual Bank, as

settlor, and Wilmington Trust Company and Washington Mutual Bank, as co-trustees, a

Delaware common law trust (the "common law trust"), DOES HEREBY CERTIFY THAT:

FIRST: The name and jurisdiction of formation of each of the constituent entities in

the merger are as follows:

| Name | Jurisdiction of Formation |
|------|---------------------------|
| Long Beach Mortgage Delaware LLC | Delaware |
| Trust u/a dated as of June 7, 2006, between Washington Mutual Bank, as settlor, and Wilmington Trust Company and Washington Mutual Bank, as co-trustees | Delaware |

SECOND: An Agreement and Plan of Merger between the parties to the merger has

been approved and executed by each of the constituent entities in accordance with the requirements

of Section 18-209 of the Delaware Limited Liability Company Act and any other applicable

Delaware law.

THIRD: The name of the surviving common law trust is Trust u/a dated as of June

7, 2006, between Washington Mutual Bank, as settlor, and Wilmington Trust Company and

Washington Mutual Bank, as co-trustees.

FOURTH: The effective date and time of this Certificate shall be July 1, 2006, at

3:02 A.M. EDT.

FIFTH: The executed Agreement and Plan of Merger is on file at a place of business of the surviving common law trust. The address of such place of business is: 1201 Third Avenue, Seattle, Washington 98101.

SIXTH: A copy of the Agreement and Plan of Merger will be furnished by the surviving common law trust, on request and without cost, to any member of the constituent limited liability company and any person or entity holding an interest the surviving common law trust.

IN WITNESS WHEREOF, the surviving common law trust has caused this Certificate of Merger to be duly executed as of June 21, 2006.

THE TRUST U/A DATED AS OF JUNE 7, 2006, BETWEEN WASHINGTON MUTUAL BANK, AS SETTLOR, AND WILMINGTON TRUST COMPANY AND WASHINGTON MUTUAL BANK, AS CO-TRUSTEES

Wilmington Trust Company, not in its individual capacity but solely as Administrative Trustee

By:_____

Name:

Title:

James A. Hanley
Senior Financial Services Officer

Washington Mutual Bank, as co-trustee

By:_____

Name: Fay L. Chapman

Title: Senior Executive Vice President

**Exhibit E**

## NOTICE OF RESIGNATION

      **WHEREAS**, by a certain trust agreement (the "Trust Agreement"), dated as of June 7, 2006, between Washington Mutual Bank, as trustor (the "Trustor"), and Washington Mutual Bank, as general trustee (the "General Trustee"), and Wilmington Trust Company, a Delaware banking corporation, as administrative trustee (the "Administrative Trustee"), the Trustor created a trust; and

      **WHEREAS**, pursuant to Paragraph IV(B) of the Trust Agreement, the Administrative Trustee may resign its trusteeship at any time for any reason by delivering to the Trustor notice in writing, which resignation shall be effective as of the future date and time specified in the notice or upon delivery of the notice if no such future effective date and time is specified in the notice;

      **NOW, THEREFORE**, the Administrative Trustee hereby resigns as trustee effective July 1, 2006, at 3:03 A.M. EDT.

      **IN WITNESS WHEREOF**, this Notice of Resignation has been executed as of June 21, 2006.

ATTEST:

_____
       Secretary

480851

WILMINGTON TRUST COMPANY

By: _____
Name:
Title:
       James A. Hanley
    Senior Financial Services Officer



RECEIVED
JUN 27 2007