UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                               :
                                                    :       Chapter 7
SYLVIA NUER,                                        :
                                                    :       Case No. 08-14106 (REG)
           Debtor.                                  :
-------------------------------------------------------------x

STATE OF NEW YORK          )
                           : ss.:
COUNTY OF WESTCHESTER      )

      David R. Kittay, being duly sworn, deposes and says:

      1.      I am an attorney duly admitted to practice in the Courts of the State of New York, the District Courts for the Southern and Eastern District of New York and the Second Circuit Court of Appeals.

      2.      I am the duly qualified Chapter 7 trustee (the "Trustee") of the bankruptcy estate of Sylvia Nuer (the "Debtor").

      3.      On October 10, 2008 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

      4.      Prior to the Filing Date, the Debtor retained the Law Offices of Linda M. Tirelli, Esq. ("Tirelli") to represent her regarding her dire financial situation, which the Debtor and Tirelli attributed to a sequence of events involving the Debtor's purchase of a two-bedroom condominium located at 1651 Metropolitan Avenue #7C in Bronx, New York (the "Apartment").

      5.      By application dated December 9, 2008, my general counsel sought, on my behalf, authorization to employ Tirelli as my special counsel, retroactive to November 24, 2008 (the "Retention Application").

6. Because Tirelli is fully versed in the facts and circumstances underlying the Debtor's claims for, inter alia, fraud and deception at the hands of certain professionals involved in this real estate transaction, I believed, at that time, that it was in the best interests of the Debtor's estate that Tirelli represent me as my special counsel.

7. At the time that I retained Tirelli as my special counsel in this matter, I asserted that, upon information and belief, Tirelli does not hold or represent any interest adverse to the Debtor or her estate. I likewise asserted that, upon information and belief, Tirelli is a disinterested person who may be employed pursuant to Section 327(e).

8. However, it has been brought to my attention by the Office of the United States Trustee that, pursuant to *In re Mercury*, 280 B.R. 35, 61 (Bankr. S.D.N.Y. 2002), Tirelli's simultaneous representation of the Debtor and the Debtor's estate in the Debtor's Chapter 7 bankruptcy case could conceivably pose a conflict of interest.

9. Accordingly, it is my belief that it is in the best interests of the Debtor and her estate that Tirelli continue to represent the Debtor in the Debtor's bankruptcy case and in related actions for, inter alia, fraud and deceptive practices (the "Actions"), and that this Court remove Tirelli as my special counsel.

10. While I believe that the potentially inherent conflict between the interests of the Debtor and the interests of the estate in the Debtor's bankruptcy case constitutes good cause to remove Tirelli as my special counsel, I do not intend this application to reflect poorly on Tirelli's competence or integrity as an attorney. I hold Tirelli's work, both on behalf of the Debtor and as my special counsel, in the highest regard.

11. To date, only one secured creditor and one unsecured non-priority creditor have filed claims against the Debtor's estate. The secured claim, in the amount of $32,094.93, was filed as proof of claim no. 1 against the Debtor's estate on February 2, 2009 by the Board of Managers, Parkchester North Condominium (the "Board"). This claim, pursuant to a lien recorded May 1, 2007 in the Office of the City Register of the City of New York, County of Bronx, under File No. (CRFN) 2007000225193, seeks to collect from the Debtor common charges owed for the period of time that, the Debtor and Tirelli allege, the Board prevented the Debtor from taking possession of the Apartment. If, as seems likely, the secured claim is deemed invalid, there remains to date only one unsecured non-priority claim in the amount of $1,787.79 against the Debtor's estate, together with any administration expenses.

12. On a going-forward basis, the Trustee's general counsel, Kittay & Gershfeld, P.C., will represent the estate in the Actions concerning the Apartment, and Tirelli will represent the Debtor with respect to her interests in those Actions. It is envisioned that Tirelli will do the lion's share of the work.

13. I understand that, after being informed that I intended to remove her as my counsel, Tirelli executed an agreement with the Debtor through which Tirelli would be entitled to compensation totaling 1/3 of the total settlement amount in the Actions.

14. To the extent that the claims in the bankruptcy are relatively small in comparison to the gross settlement amount or recovery in the Actions, I think this is fair, and ensures that Tirelli is fairly and sufficiently compensated for her work, a significant amount of which was performed while Tirelli was retained as my counsel. If it turns out, however, that the claims in the bankruptcy are larger than presently envisioned, or circumstances evolve in an unforeseen way, Tirelli could apply for additional compensation under the principles of Bankruptcy Code

Section 503(b) on a quantum meruit basis or, on the other hand, the Court could reduce her compensation on equitable principles.

WHEREFORE, the Trustee herein prays for an Order of this Court authorizing the withdrawal of the Law Offices of Linda M. Tirelli, Esq. as special counsel to the Trustee of this estate, together with such other and further relief as appears just and proper to this Court, for all of which no previous application has been made.

/s/ David R. Kittay
DAVID R. KITTAY

Sworn to before me this 25th day of March, 2009

/s/ Stephanie S. Pender
STEPHANIE S. PENDER
Notary Public, State of New York
No. 01PE6188793
Qualified in Westchester County
Commission Expires June 16, 2012