UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

Silvia Nuer,

Debtor.

Chapter 7
Case No. 08-14106

Hon. Robert E. Gerber
U.S. Bankruptcy Judge

---

## SUPPLEMENTAL AFFIRMATION IN FURTHER SUPPORT OF MOTION FOR TERMINATION OF THE AUTOMATIC STAY.

Natalie A. Grigg, Esq., an attorney duly admitted to practice before the United States Bankruptcy Court for the Southern District of New York, states the following under the penalty of perjury:

1. I am an associate with Steven J. Baum, P.C., the attorneys for JP Morgan Chase Bank National Association as servicer for Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Trust 2006-2 (the "Secured Creditor"), a secured creditor of Silvia Nuer (the "Debtor"), and as such, am fully familiar with the facts and circumstances contained herein.

2. This affirmation is submitted in light of the recent development in the Debtor's underlying bankruptcy case in that on March 16, 2009, the Debtor was granted a discharge in the Chapter 7 case.

3. As noted in the Secured Creditor original motion papers, the Debtor has not made a monthly mortgage payment since September 2007, and is now due and owing for the October 2007 past-due monthly mortgage payment.

4. Prior to the entry of the discharge, Debtor made no efforts to reaffirm the debt or bring the payments current.

# ARGUMENT

## POINT I

### THE PENDING MOTION FOR RELIEF IS MOOT AS TO DEBTOR'S INTEREST.

5. "Pursuant to Article III of the Constitution, [the Court has] jurisdiction only over live cases and controversies." *ABC, Inc. v. Stewart*, 360 F.3d 90, 97 (2d Cir. 2004); *see also Arthur v. Manch*, 12 F.3d 377 (2d Cir. 1993). Thus, "when the issues are no longer live, the case becomes moot" and the court no longer has jurisdiction to decide the pending issue. *Arthur*, 12 F.3d at 380; *see also Chisholm v. Chisholm*, 2008 U.S. App. LEXIS 7491, *4 (5th Cir. April 8, 2008) ("A moot case presents no Article III case or controversy and a court has no constitutional jurisdiction to resolve the issues it presents.").

6. "Under the mootness doctrine, 'if an event occurs while a case is pending...that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, [the court] must dismiss the case, rather than issue an advisory opinion." *ABC, Inc.*, 360 F.3d at 97; *see also Deerfield v. FCC*, 992 F.2d 420 (2d Cir. 1992); *see also Gilligan v. Morgan*, 413 U.S. 1, 93 S.Ct. 2440 (1973) ("no justiciable controversy is presented... when the question sought to be adjudicated has been mooted by subsequent developments....").

7. In the present bankruptcy case, this Court granted an Order discharging the Debtor's debt on March 16, 2009 thereby terminating the automatic stay. Section 362(c)(2)(C) provides that "the stay of any other act under subsection (a) of this section continues until the earliest of (A) the time the case is closed; (B) the time the case is dismissed; or (C) if the case is a case under Chapter 7 of this title concerning an individual . . .the time a discharge is granted or denied." 11 U.S.C. §362(c)(2)(C).

8. As the automatic stay is no longer in effect, any "pending motions for relief from the automatic stay...are moot and should be dismissed." *In re Hiles*, 2002 Bankr. LEXIS 912, *13 (Bankr. C.D. Ill. August 15, 2002); *see also In re Dancy*, 2007 Bankr. LEXIS 420 (Bankr. E.D.CA February 2, 2007); *In re Gothard*, 2007 Bankr. LEXIS 2654 (Bankr. E.D.CA August 2, 2007); *In re Hughes*, 2005 Bankr. LEXIS 283 (Bankr. D.C. February 28, 2005).

9. Here, the Secured Creditor's motion for relief from the automatic stay was pending at the time the discharge was granted. Thus, the motion for relief is now moot as to debtor's interest in the Mortgaged Premises.

## POINT II

### THE MOTION FOR RELIEF SHOULD BE GRANTED AS TO THE TRUSTEE'S INTEREST IN THE MORTGAGED PREMISES.

10. In the event that the Court should determine that the present motion has been rendered moot and that the automatic stay is no longer applicable, the Chapter 7 Trustee has not set forth an opposition to the underlying motion, thus, the motion for relief should be granted as to the Trustee's interest in the property. *See Dancy*, 2007 Bankr. LEXIS 420.

WHEREFORE, your affiant respectfully requests that this Court grant an order deeming the Motion for Relief as moot as to Debtor's interest, granting the Motion for Relief as to any interest by the Chapter 7 Trustee, and any further relief as this Court deems just and equitable.

Dated: March 31, 2009

*[signature]*
Natalie A. Grigg, Esq.