## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

**IN THE MATTER OF:**

**Sylvia Nuer, Debtor**

| | |
|---|---|
| **Contested Case: JP Morgan Chase Bank National Association as Servicer for Deutches Bank National Trust Company, as Trustee for Long Beach Mortgage Trust 2006-2 vs. Silvia Nuer, Et al** | **Chapter 7 Case**<br>**Court No: 08-14106 (REG)**<br><br>**Court Date:** <u>**Thursday, December 18, 2008**</u> **at 9:45 a.m.**<br>**Location: One Bowling Green, 6th Floor, Manhattan, NY 10004-1408** |

### OBJECTION TO MOTION TERMINATION OF AUTOMATIC STAY
### CONDITIONAL COUNTER-MOTION FOR LEGAL FEES AND EXPENSES
### REQUEST FOR A PRELIMINARY HEARING
### REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR ORDER REDUCING THE TIME TO PRODUCE DOCUMENTS

**COMES NOW THE ABOVE-NAMED DEBTOR,** by and through her attorney of record, Linda M. Tirelli, pursuant to Section 362 of Title 11 of the United States Code, Section 1301 of Title 11 of the United States Code, and hereby file this objection to the motion for relief from stay filed in this case and move the court for a preliminary hearing on all issues raised by the allegations in this case and for a subsequent final hearing on all of the said issues and allegations. The debtor also denies for the purposes of this response that the movant has established sufficient legal grounds to justify the entry of an order granting it relief from the automatic stay.

The attorney for the debtor also shows unto the court that she is filing this objection to preserve the rights of the debtor to a court hearing in this matter and that she reserves the right to file an amended response after she has had an opportunity to personally meet with the debtor for the purpose of reviewing the specific allegations in the said motion.

1

## ALTERNATIVE AFFIRMATIVE DEFENSES

1. **ILLEGAL CHARGES ADDED TO BALANCE:** The Movant upon information and belief has charged and/or collected and/or assessed charges and fees to the mortgage loan involved in this case for such things as property inspections, broker price opinions, property preservation expenses, corporate advances, attorney fees, recording fees, legal fees, foreclosure costs, assessments, advances, late fees and other charges, optional products and other predatory servicing fees and charges that are not authorized by or in conformity with the terms of the subject note and mortgage and that have never been approved by this Court after proper notice and a hearing. The Movant upon information and belief has wrongfully added and continues to unilaterally add these illegal charges and fees to the balance movant claims is due and owing under the subject note and mortgage. In addition, The Movant upon information and belief has failed to immediately apply all payments received from the Debtor to the loan balance but rather has placed such payments in one or more corporate suspense or corporate forbearance accounts. The Debtor alleges that such actions by the Movant have resulted in the addition of unlawful interest to the loan balance on daily basis and for the monthly assessment of unlawful late charges and other related fees.

2. **FAILURE OF CONTRACTUAL CONDITION PRECEDENT; INVALID, INEFFECTIVE NOTICE OF DEFAULT**: Movant failed to provide the attorney for the Debtor with a Notice of Default and Intent to Accelerate that complies the subject mortgage. As a result, the Debtor have been denied a good faith opportunity pursuant to the mortgage and the servicing obligations of the movant to avoid the filing of a motion for relief from stay through loss mitigation, forbearance and workout programs.

3. **MOVANT FAILED TO COMPLY WITH APPLICABLE FANNIE MAE/ FREDDIE MAC/Ginnie Mae SINGLE FAMILY LOAN SERVICING LAWS, REGULATIONS AND ORDERS:**

A. Movant failed to provide the attorney for the Debtors with legitimate and non predatory access to the debt management and relief that must be made available to borrowers, facing temporary financial problems. Such relief must include, among other things, temporary indulgence, a liquidating plan, and special forbearance designed to avoid residential foreclosure of single family loans secured by and/or underwritten by Fannie Mae, Freddie Mac, and/or Ginnie Mae.

B. Movant failed its obligation to the Debtors to pursue effective foreclosure prevention strategies and did not evaluate the particular circumstances surrounding the claimed default; failed to evaluate the Debtors or the subject property; failed to determine the Debtors' capacity to pay the monthly payment amount or a modified payment amount; failed to ascertain the reason for the Debtors' claimed default, or the extent of the Debtors' interest in keeping the subject property.

C. Movant failed to comply with the Fannie Mae, Freddie Mac and/or Ginnie Mae loss mitigation and foreclosure prevention servicing guidelines by failing to contact the attorney for the Debtors regarding the claimed mortgage delinquency to determine whether the debtors were facing a financial crisis or hardship. As a result, the Movant failed to give the Debtors the opportunity to cooperate in resolving the claimed default.

D. The Movant failed to avoid filing this motion for relief from the automatic stay on by not contacting the attorney for the Debtors by the 30th day of the claimed delinquency. The Movant never asked the attorney for the Debtors to provide it with any information to

3

determine the reason for the claimed non-payment. Movant failed to inform the Debtors through counsel of the existence of the Fannie Mae, Freddie Mac and/or Ginnie Mae alternatives to foreclosure. As a result, Movant has denied the Debtors the required opportunity to avoid foreclosure through early intervention upon delinquency pursuant to the Fannie Mae, Freddie Mac and/or Ginnie Mae servicing requirements and standards.

E. Movant failed to comply with the controlling Fannie Mae, Freddie Mac and/or Ginnie Mae Single Family servicing guidelines before the filing of the motion for relief from stay by failing to inform the attorney for the Debtors in writing about the applicable foreclosure alternatives in a timely fashion, or at all.

F. Movant failed its duty to the Debtors to manage the subject mortgage as required by the special foreclosure prevention workout programs which can include and allows for a restructuring of the loan allowing the borrower to pay out delinquent installments or advances to bring the mortgage current. Instead the Movant did the exact opposite of what the special foreclosure prevention workout programs are designed and intended to do. The Movant further denied the Debtors access to special forbearance in the form of a written agreement that reduces or suspends the Debtors' monthly mortgage payments for a specific period to allow the debtors time to recover from a financial hardship. Such a plan can involve changing one or more terms of the subject mortgage in order to help the debtors bring the claimed default current thereby preventing foreclosure. Movant's failure to comply with the Fannie Mae, Freddie Mac and or Ginnie Mae repayment plan or special forbearance workout programs and rules has denied the Debtors the required access to explore alternatives to avoid foreclosure.

4. **FAILURE OF GOOD FAITH AND FAIR DEALING: UNFAIR AND UNACCEPTABLE LOAN SERVICING:** Movant failed to act in good faith or to deal fairly with the Debtors by

4

failing to follow the applicable standards of residential single family mortgage lending and servicing as described in these Affirmative Defenses thereby denying the Debtors access to the residential mortgage servicing protocols applicable to the subject note and mortgage.

5. **UNCLEAN HANDS:** The Movant comes to court with unclean hands and is prohibited by reason thereof from obtaining relief from stay from this Court. The Movant's unclean hands result from the Movant's failure to comply with material terms of the mortgage and note; the willful failure of the Movant to comply with the requirements of Federal Law as described herein including but limited to Sections 362(a) and 506(b) of Title 11 of the United States Code and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure; and the willful failure of the Movant to comply with the Federal Fair Debt Collections Practices Act and the New York Unfair Debt Collection Statutes. As a matter of equity, this Court should refuse to grant relief from stay to the Movant to foreclose on this mortgage because acceleration of the note would be inequitable, unjust, and the circumstances of this case render acceleration unconscionable. This court should refuse to grant relief from stay and refuse the acceleration and deny foreclosure because Movant has waived the right to acceleration or is estopped from doing so because of misleading conduct and unfulfilled conditions.

Moreover, the Movant based on information and belief, is believed to have conspired to use known falsified documentation at the time of closing held on or about January 6, 2006, and has neglected, failed and/or refused to remedy the situation even after being provided with proper notice of the same. It if thus further believed that the Movant has conspired to perpetrate and did so perpetrate a fraud for the purpose of Movant's own financial gain as well as that of its co-conspirators and to the total devastation of the Debtor's financial well being. Specifically, a document presented at the closing was purported to be dated December 19, 2005 and issued by the Parkchester North Condominium (hereinafter

5

"Parkchester") to effectively act as a waiver of right of first refusal and common charges. In fact, said document was a forgery. The forgery, was unbeknownst to the Debtor until after the closing when she approached the management offices of the Parkchester to properly register as the new owner and was subsequently denied access. In fact, as per a strong letter dated January 23, 2006 from Attorney Michael B. Doyle, counsel for Parkchester the closing was deemed invalid and under no uncertain terms would the Debtor be allowed to enter the premises she believed she effectively purchased and was also not allowed to register as the owner of the premises. (See Exhibit "A")

Furthermore, Movant based on information and belief further conspired and did in fact knowingly and purposefully drafted checks at the closing funded by monies allegedly borrowed by the Debtor to Attorney Joseph Altman, who apparently represented himself to be the counsel for both the buyer and the seller to this transaction (see Exhibit "B") as well as Real Estate Broker, paid an unconscionable 15.270% commission on a $130,000.00 sale. In a document of settlement charges believed to be signed by the Movant's representative at said closing, it is believed that Movant issued checks to Altman in the amount of $19,850.00 despite the clear and present conflicts then and there existing. (See Exhibit "C")

As a result of the forged documents and fraud belived to have been committed by the Movant and /or its co-conspirators, the Debtor was not permitted to move into and take possession of the subject property and was further not in a position to sell her primary residence as she had no where to go. Debtor was further thereby forced to carry 2 condominiums, and take out additional loans on her initial property in order to maintain the same. This has been a tremendous 2 year undertaking for the debtor, a modest wage earner who tried to "do the right thing" hoping the Movant and its conspirators would straighten out the situation, but they never did. The Movant thereby is believed to have

6

played an integral role in scam and fraud committed and is to blame for the resulting financial demise of the debtor. Debtor's Estate through its appointed special counsel fully intends to commence action against all co-conspirators and wrongdoers to recover damages rightfully owed and belonging to the estate.

6. **NO HUD COUNSELING NOTICE:** Movant failed to comply with the forbearance, mortgage modification and other foreclosure prevention loan servicing requirements imposed on Movant pursuant to the National Housing Act, 12 U.S.C. 1701x(c)(5) which requires the Movant to advise the Debtors of any home ownership counseling Movant may offer together with information about counseling offered by the United States Department of Housing and Urban Development. The Debtors allege that the United States Department of Housing and Urban Development has determined that 12 U.S.C. 1701x(c)(5) creates an affirmative legal duty on the part of the Movant and Movant's non-compliance is an actionable event that affects the Movant's ability to carry out foreclosure. **Movant cannot legally pursue foreclosure unless and until Movant demonstrates compliance** with 12 U.S.C. 1701x(c)(5).

7. **FAILURE TO PROSECUTE THE CASE IN THE NAME OF THE REAL PARTY IN INTEREST** : The Debtors are informed and believe that the Movant is not the actual holder of the mortgage note and loan instrument in this case. Rather, the Debtors are informed and believe and therefore allege that the said note is actually owned by the Trustee of a residential mortgage-backed securitized trust. As a result, the motion should be dismissed under Rule 7017 and 9014 of the Bankruptcy Rules and Rule 17 of the Federal Rules of Civil Procedure for failure to prosecute the case in the name of the real party in interest. The Debtors contend that such complete lack of standing deprives this Court of any jurisdiction over this contested case. Furthermore, since Rule 7019 does not apply to contested cases pursuant to Rule 9014(c) the Movant cannot amend the motion to add the

Trust as a necessary and mandatory party and consequently the motion must be dismissed, with prejudice, and cost and fees taxed to the Movant.

**8. FAILURE TO PRODUCE THE ORIGINAL NOTE:** In the event the Movant is unable to produce the original mortgage note, and contends that the note has been lost, then and in that event the Debtors allege that the lost note provisions of UCC Article 3 (Sec. 3-309) apply only if the note is negotiable. The burden of proving that the mortgage note in this case is a negotiable instrument is on the Movant. In the event the Movant cannot meet this burden, then the Debtors contend that there is no applicable state law dealing with the transfer of a mortgage note that the prior transferor has allegedly lost. In addition, if the Movant contends that the prior holder lost the note then such an argument must fail because only a person who has had possession of the note can use the Article 3 lost note provisions. Under this reasoning, a secondary market purchaser or a trustee for a securitized pool of mortgage loans who never got the note in the first place will never be able to establish that it is a holder of the note with any rights of enforcement thereunder. See Dennis Joslin Co. v. Robinson Broadcasting Corp., 977 F. Supp. 491, 495 (D.D.C. 1997).

**Alternative Affirmative Defense and Conditional
Counter-Motion
Requesting the Recovery of Legal Fees and Expenses
Under 28 USC 1927**

In the event the motion for relief from the automatic stay is withdrawn by the movant at any time prior to the conclusion of the final hearing on the merits or in the event this Court denies the motion for relief from stay based on one or more of the **Affirmative Defenses** pleaded herein or in the further event that the Court denies the motion upon a finding of one or more of the following facts:

1.     This Court finds that the factual contentions in the motion were not based on a reasonable review of the account records of the debtors as maintained by the Master Servicer, the Primary Servicer, the Subservicer, the Default Servicer, the Movant, or any third-party vendor; or

2.     This Court finds that the alleged default in payments by the debtors was based in whole or in part on any misapplication of payments from debtors by the Movant or any other party; or

3.     This Court finds that the alleged default in payments by the debtors was based in whole or in part upon the use of payments made by the debtors for the payment of or the credit against any fees or expenses of any nature whatsoever related to or arising out of the debtors' mortgage loan that have not heretofore been approved by this Court after proper notice and hearing;  or

4.     This Court finds that the factual contentions in the motion were not supported by the evidence in the account records of the debtors or, in the alternative, were inconsistent with the proofs of payment tendered as evidence by the debtors and duly admitted as evidence by this Court; or

5.     This Court determines that the motion was filed for some improper purpose such as to harass the debtor or to cause unnecessary delay or needlessly increase the cost of this Chapter 7 bankruptcy case.

Then and in the event any one or more of such findings are made by this Court then the debtors respectfully move this Court pursuant to the provisions of Section 1927 of Title 28 of the United States Code for the recovery of their legal fees and expenses in a sum equal

to twice the presumed fee (or $900.00), or the hourly billing rate of the attorney for the debtors ($290.00), whichever amount is greater, and for the recovery of the debtors' expenses such as lost time from work, travel costs, telephone calls, postage, paying for bank records, securing and paying for money order or checking tracing and confirmation services, expenses incurred for the electronic tracing of payments and the like, from the Movant and/or the attorneys for the Movant.

In support of this conditional motion, the debtors show unto the Court that Section 1927 of Title 28 of the United States Code, regarding Counsel's liability for excessive costs, provides:

> *Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.*

A district court has the inherent power to assess attorney's fees against a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975) (internal quotations omitted). In this regard, if a court finds "that fraud has been practiced upon it, or that the very temple of justice has been defiled," it may assess attorney's fees against the responsible party. *Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946). In such instances, the imposition of sanctions "transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of 'vindicat[ing] judicial authority without resort

to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy.'" *Chambers v. Nasco*, 501 U.S. 32, 46 (1991) (quoting *Universal Oil*, 328 U.S. at 580).

**WHEREFORE,** the debtor(s) having responded to the motion for relief filed herein for the purpose of reserving their right to hearing before the court respectfully pray of the court as follows:

A.   That the debtor(s) be granted a **preliminary hearing** on all issues raised by the pleadings in this case;

B.   That if applicable the movant be ordered to **produce all current appraisal reports on the subject property, valuations, delinquency contact reports, mortgage inspection reports, property inspection reports, and all documents** prepared in connection with this loan before any court hearing;

C.   That the court require the movant to **produce a complete history of all receipts of payments since the filing of this case (from the Trustee and the Debtors) and a detailed summary of the application and disbursement of all such payments;**

D.   That if applicable the movant be ordered to provide the debtor(s) with **the name, address and telephone number of the current holder of the mortgage or note as provided for by Section 1641(f)(2) of Title 15 of the United States Code;**

E.   That if applicable the movant provide the debtor(s) with a list of each entity having any interest in the debt that is the subject of this motion including, but not limited to, any

broker, table-funder, correspondent lender, originator, lender, warehouse lender, trustee, investor, trustee under a pooling and servicing agreement, servicer, sub-servicer, master-servicer, or similar party, and to identify each such party by full name, address, and a telephone number;

F.     That if applicable the movant be required to provide the debtor(s) for each party listed pursuant to Section E herein the consideration each entity received or disbursed for any interest it obtained or relinquished in the loan as well as the party it paid consideration to or received it from;

G. That this response be treated as a written **Request for Production of the Documents** described herein, including the production of the lists and records as identified herein, said request being made pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure and Rule 34 of the Federal Rules of Civil Procedure, and that **the court enter an order requiring such documents to be produced a least ten (10) days prior to any final hearing on this motion;**

H. That this response be treated as a motion pursuant to Rule 9006(c)(1) of the Federal Rules of Civil Procedure for this court in its discretion without notice and a hearing to reduce the time period to respond to the request for production of documents as provided for herein to a period of no less than ten (10) days prior to the designated hearing date and that the movant be ordered to fax legible copies of said documents to the attorney for the debtor(s) or to transmit the same by an expedited or express mail service;

I. That the court require the movant to establish all facts in this case by way of sworn testimony by qualified and competent agents and employees of the movant;

J. That if applicable the motion be dismissed if the movant fails to produce all of the requested documents at least five (5) days before the hearing date as requested herein and that sanctions be awarded against the movant in the event thereof;

K. That if applicable this motion be dismissed pursuant to Rules 7017, 7019, and 7020 of the Federal Rules of Bankruptcy Procedure for failure to prosecute the same in the name of the real party in interest, to join necessary and mandatory parties, or to include the Trustee under the Deed of Trust, or the Trustee under the Pooling and Servicing Agreement, as a necessary party;

L. That if applicable this motion be dismissed for failure of the movant to comply with the mandatory claim transfer and assignment rules as provided for by Rule 3001(e) of the Federal Rules of Bankruptcy Procedure;

M. That the debtor(s) be granted a **final hearing** on all issues raised by the pleadings in this case;

N. That the attorney for the debtor(s) be awarded a non-base legal fee of $450.00 to be paid under the plan; and

O. That the debtor(s) have such other and further relief as to the court may seem just and proper.

Dated this the 2nd day of December 2008

Linda M. Tirelli, Esq.
**Law Offices of Linda M. Tirelli**
**& Westchester Legal Credit Solutions, Inc.**
**202 Mamaroneck Avenue, 3rd Floor**
**White Plains, NY 10601**
**Phone: (914)946-0860 / Fax: (914)946-0870**
**Primary Email: WestchesterLegal@aol.com**

EXHIBIT "A"

January 23, 2006

**Via Mail and Facsimile: (914) 381-3131**
Judicial Title Company
550 Mamaroneck Avenue
Room 202
Harrison, New York 10528

Altman & Altman, Esqs.
1009 East 163rd Street
Bronx, New York 10459

Burstein and Rabinowitz, P.C.
113-25 Queens Blvd., #A102
Forest Hills, New York 11375

Sylvia N. Nuer
1735 Purdy Street
Unit #1D
Bronx, New York 10462

RE: Title #82877FA-B
1651 Metropolitan Avenue, #7C

Sirs/Madams:

I've annexed two (2) waiver of right of first refusal and common charges letters. The first copies, used in your closing, are fraudulent with the date changed to December 19, 2005, when the **ONLY** legitimate ones are dated September 19, 2005 and were valid only for 45 days, as the letter states. Accordingly, your closing is not valid and the deed will not be accepted and the new owner not allowed to register and enter the premises.

It must be determined as to who fraudulently changed the letters before the Board can determine what it would need to resolve this situation, however, it is no way to handle a matter, such as this.

Be guided accordingly.

Very truly yours,

Michael B. Doyle

MBD:lp
Enc.
Cc:   Board of Mgrs. President, Harry Brown
Cc:   PNC/ph/Tai Velez

# The parkchester north condominium
1970 EAST TREMONT AVENUE
BRONX, NEW YORK 10462
(718) 931-2455
FAX#(718) 597-4758

HARRY L. BROWN
President

December 19, 2005

Nana K. Awuah
1651 Metropolitan Avenue # 7C
Bronx, NY 10462

Dear Sir or Madam:

Please be advised that the Board of Managers of the Parkchester North Condominium does not wish to purchase your apartment, Unit # 7C in the building 1651 Metropolitan Avenue and you are free to sell it to: Sylvia Nuer.

However, this sale is subject to the terms of the Deed and By-Laws of the Parkchester North Condominium. The foregoing permission is subject to the condition that the Condominium receives a copy of the Deed of Conveyance as soon as possible after the date of closing and payment in full at the closing of all common and other outstanding charges.

This letter is valid only for the purchaser named above and on the Contract of Sale. If the closing does not take place within forty-five (45) days from the above date, you must request a new letter of First Refusal.

Harry L. Brown

Sincerely,
President

# The Parkchester North Condominium

1970 EAST TREMONT AVENUE
BRONX, NEW YORK 10462
(718) 931-2455
FAX # (718) 597-4758

HARRY L. BROWN
*President*

September 19, 2005

Nana K. Awuah
1651 Metropolitan Avenue # 7C
Bronx, NY 10462

Dear Sir or Madam:

Please be advised that the Board of Managers of the Parkchester North Condominium does not wish to purchase your apartment, Unit # 7C in the building **1651 Metropolitan Avenue** and you are free to sell it to: **Sylvia Nuer.**

However, this sale is subject to the terms of the Deed and By-Laws of the Parkchester North Condominium. The foregoing permission is subject to the condition that the Condominium receives a copy of the Deed of Conveyance as soon as possible after the date of closing and payment in full at the closing of all common and other outstanding charges.

This letter is valid only for the purchaser named above and on the Contract of Sale, if the closing does not take place within forty-five (45) days from the above date, you must request a new letter of First Refusal.

Sincerely,

Harry L. Brown
President

Exhibit "B"


| NEW YORK CITY | WESTCHESTER |
|---|---|
| 888 Seventh Ave. Ste.300 | 550 Mamaroneck Avenue |
| New York, NY 10106 | Suite 202 |
| 800-281-TITLE (8485) | Harrison, NY 10528 |
| Tel: (212) 432-3272 | Tel: (914) 381-8700 |
| Fax: 800-FAX-9396 | Fax: (914) 381-3131 |

| | | | | |
|---|---|---|---|---|
| **Title No.** 82877FA-B | **Closing Date:** 01-06-2006 | **Closer:** Cathy Massaregli | | |
| **Buyer's Atty:** Altman & Altman, Esqs. | | **Bank:** Washington Mutual Bank, FA | | |
| **Purchaser:** Sylvia N. Nuer | | **Bank Atty:** Bernstein & Rabinowitz | | |
| **Owner:** Nana K. Awuah | | **Seller Atty:** Altman & Altman, Esqs. | | |

*Long Beach Mortgage Company*

**Premises:** 1651 Metropolitan Avenue, Unit No. 7C — **County:** Bronx
Bronx, NY

**Loan Policy:** 104,000 — **Owners Policy:** 130,000 (TOEPP) ✓

**Loan Policy:** 26,000 ✓

| DESCRIPTION | ESTIMATED | PURCHASER | SELLER | BANK FEES | MEMO TO CLOSERS |
|---|---|---|---|---|---|
| Owners Policy | 1,085.00 | 1085 | | | * Seller's title charges must be payable In The Form Of Either A Bank, Certified or Attorney Escrow Check. |
| Loan Policy | 201.00 | 201 | | | |
| Market Value Rider | 54.00 | — | | | * For Personal Checks In Excess Of $500, From The Buyer/Borrower, The The Closer Must Verify That The Funds Are Available By Contacting The Bank From Which The Check Is Drawn Upon. |
| Res Mtg | 25.00 | ) | | | |
| Environmental Lien | 25.00 | ) | | | |
| Waiver of Arbitrati | 25.00 | 125 | | | |
| ~~Variable~~ Condominium | ~~25~~ 25.00 | ) | | | * In The Event That The Funds Are Not Available, You Must Contact The Office Immediately. Thank You. |
| Condo POA | 75 | 75 | | | |
| Mtg Tax | — | 1842 — | | 260 — | **CLOSER'S NOTES** |
| Mtg Rec. Fee | | 200 — | | | |
| Deed | | 125 — | | | |
| RP5217 Fee | | 75 — | | | |
| ACRIS FORMS | | — | 150 — | | |
| Patriot Searches | | 35 — | ✝ | | |
| Municipal Searches H&b Fire C/O Em.Repairs | 325.00 | 325 — | | | |
| Bankruptcy Search | 95.00 | 95 — | | | |
| Escrow Service Fee | | 45 — | | | |
| NYS Trans Tax | | | 520 | | |
| NYC RPT | | | 1300 — | | |
| UPS Payoff x2 | | | 30 | | |
| 1/1/06 RE Tax | | 137.75 | | | |
| SUBTOTAL #1 | | 4385.75 | 2000 — | 260 — | |
| Premium | | 28 — | | | Parkchester North Condominium $646.79 |
| Endts | | 100 — | | | |
| Rec. Mortgage (up to 11 pages) | 125.00 | 125 — | | | |
| Mtg Tax | | 438 — | | 65 — | |
| SUBTOTAL #2 | | 694 | | 65 | |
| TOTAL Mtg 1 & 2 = | | 5079.75 | 2000 — | 325 — | |

Cathy Massaregli $350 — Equity One, Inc. $57,391.30

EXHIBIT "C"

## L. SETTLEMENT CHARGES

| | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|
| **700. TOTAL SALES/BROKER's COMMISSION based on price $ 130,000.00 @ 15.270%** | | |
| Division of Commission (line 700) as follows: | | |
| 701. $ 19,850.00 to Joseph T. Altman As Attorney | | |
| 702. $ | | |
| 703. Commission paid at Settlement | | 19,850.00 |
| 704. | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| 801. Loan Origination Fee 2.000% $ | | |
| 802. Loan Discount $ | | |
| 803. Appraisal Fee to Equity Action Mortgage | 350.00 | |
| 804. Credit report to | | |
| 805. Lender's Inspection Fee | | |
| 806. Application Fee to Equity Action Mortgage | 275.00 | |
| 807. Processing Fee to Equity Action Mortgage | 400.00 | |
| 808. Tax Research Fee to WAMU Bank, FA | 31.00 | |
| 809. Tax Procurement Fee to First American | 50.00 | |
| 810. Flood Search Fee to LandAmerica | 13.00 | |
| 811. Funding and Review Fee to Long Beach Mortgage | 799.00 | |
| 812. | | |
| 813. (See Addendum) | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901. Interest from 01/06/2006-01/31/2006 @ $24.790 per day | 644.54 | |
| 902. Mortgage Insurance Premium for | | |
| 903. Hazard insurance Premium for | | |
| 904. | | |
| 905. (See Addendum) | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | |
| 1001. Hazard insurance | | |
| 1002. Mortgage insurance | | |
| 1003. City Property Taxes 4 month(s) @ $85.28 per month | 341.12 | |
| 1004. County Property Taxes | | |
| 1005. Annual assessments | | |
| 1006. | | |
| 1007. | | |
| 1008. Aggregate Accounting Adjustment | 0.00 | |
| **1100. TITLE CHARGES** | | |
| 1101. Settlement or closing fee to | | |
| 1102. Abstract or title search to | | |
| 1103. Title Examination to | | |
| 1104. Title insurance binder to | | |
| 1105. Document preparation to Attorney wire fee | 30.00 | |
| 1106. Notary fees to Attorney Next Day Delivery Fee | 35.00 | |
| 1107. Attorney's fees to Burstein and Rabinowitz, P.C. | 950.00 | |
| (includes line numbers: 1101 and 1103 | | |
| 1108. Title Insurance to Judicial Title Insurance Agency LLC | | |
| (includes line numbers: | | |
| 1109. Lender's coverage $ 104000.00 | 201.00 | |
| 1110. Owner's coverage $ 130000.00 | 1,085.00 | |
| 1111. Endorsements | 125.00 | |
| 1112. Bankruptcy, Patriot, Municipal Searches | 455.00 | |
| 1113. (See Addendum) | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201. Recording fees: Deed $ 125.00 Mortgage $ 200.00 Release $ 150.00 | 325.00 | 150.00 |
| 1202. City/cnty tax/stamps: Deed $ 1,300.00 Mortgage $ | | 1,300.00 |
| 1203. State tax/stamps: Deed $ 520.00 Mortgage $ 1,842.00 | 1,842.00 | 520.00 |
| 1204. Recording of Cndominium Power of Attorney | 75.00 | |
| 1205. (See Addendum) | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301. Survey to Title Company Next Day delivery fee | 30.00 | |
| 1302. Pest inspection to Escrow Deposit for 1st 1/4 taxes '06 Taxes | 137.75 | |
| 1303. Escrow Fee to Title Company | 45.00 | |
| 1304. Pick up fee to title closer Cathy Massaregli | 350.00 | |
| 1305. NYS Mortgage Tax Paid By Lender 1/4 pt. ($260.00 POC) | | |
| 1306. Total From Line 1307 to 1316 (See Addendum) | | 796.79 |
| **1400. TOTAL SETTLEMENT CHARGES (enter on lines 103, Section J and 502, Section K)** | 8,589.41 | 22,616.79 |

CERTIFICATION: I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I received a copy of the HUD-1 Settlement Statement.

Seller: _Nana K. Awuah_

Borrower: _Sylvia N. Nuer_   Sylvia N. Nuer

(See Addendum)

(See Addendum)

Seller

Borrower

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds disbursed or to be disbursed by the undersigned as part of the settlement of this transaction.

Settlement Agent _Burstein and Rabinowitz, P.C._   Date   01/06/2006

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

## CERTIFICATE OF SERVICE

Linda M. Tirelli, attorney of record in this case for the debtor, and appointed Special Counsel for the Estate, hereby certifies to the court as follows:

1. I am not a party to this case;
2. I am not less than 18 years of age;
3. I have this day served a copy of the foregoing **OBJECTION TO MOTION FOR TERMINATION OF AUTOMATIC STAY, CONDITIONAL COUNTER-MOTION FOR LEGAL FEES AND EXPENSES, REQUEST FOR A PRELIMINARY HEARING, REQUEST FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ORDER REDUCING THE TIME TO PRODUCE DOCUMENTS**, on the parties listed below by placing the same in an envelope, first-class mail, postage prepaid, addressed to each person or entity as indicated below:

Sylvia Nuer, Debtor
1735 Purdy Street, Apt. 1-D
Bronx, NY 10462

Dennis Jose, Esq.
Steven J. Baum, P.C.
Attorneys for Creditor JPMorgan Chase
Bank National Association
as servicer for Deutsche Bank National Trust
Company, as Trustee for Long Beach Mortgage Trust 2006-2
900 Merchant's Concourse, Suite 412
Westbury, NY 11590

Michelle Gershfeld, Esq.
Kittay and Gershfeld, PC
Counsel for Chapter 7 Trustee
100 White Plains Road, 2nd Floor
Tarrytown, NY 10591

U.S. Trustee
Office of U.S. Trustee
33 Whitehall Street, Floor 21
New York, NY 10004

4. To the best of my knowledge, information and belief, the parties in interest in this case are not infants or incompetent persons; and
5. Service as outlined herein was made within the United States of America.

Dated this the _____ day of _____, 2008

_____
**Linda M. Tirelli, Esq.**
**Law Offices of Linda M. Tirelli**
**& Westchester Legal Credit Solutions, Inc.**
**202 Mamaroneck Avenue, 3rd Floor**
**White Plains, NY 10601**
**Phone: (914)946-0860 / Fax: (914)946-0870**
**Primary Email: WestchesterLegal@aol.com**