```
 1                      UNITED STATES BANKRUPTCY COURT
                         SOUTHERN DISTRICT OF NEW YORK
 2

 3
                                         .
 4   IN RE:                              . Case No. 05-18439-MG
                                         .
 5   WILLIAM ROBERT PAWSON,              . New York, New York
                                         . Wednesday, August 13, 2008
 6                    Debtor.            . 10:02 a.m.
     . . . . . . . . . . . . . . . .
 7
                            TRANSCRIPT OF HEARING
 8                    BEFORE THE HONORABLE MARTIN GLENN
                        UNITED STATES BANKRUPTCY JUDGE
 9
     APPEARANCES:
10
     For the Debtor:            David B. Shaev, Esq.
11                              Empire State Building
                                350 Fifth Avenue, Suite 7210
12                              New York, New York 10118

13   For JPMorgan Chase
     Bank:                      Edward J. Lesniak, Esq
14                              BURKE, WARREN, MAC KAY &
                                 SERRITELLA, P.C.
15                              22nd Floor, IBM Plaza
                                330 North Wabash Avenue
16                              Chicago, IL 60611

17
     (Appearances continued)
18
     Audio Operator:            Electronically Recorded
19                              by Court Personnel

20   Transcription Company:    Rand Reporting & Transcription, LLC
                                80 Broad Street, Fifth Floor
21                              New York, New York 10004
                                (212)504-2919
22                              www.randreporting.com

23

24   Proceedings recorded by electronic sound recording,
     transcript produced by transcription service.
25
```

1  THE COURT: Yes, please.

2  MR. LESNIAK: Your Honor, what I'm reading into the
3  record is a document entitled, "Settlement Agreement and
4  Release." It reads as follows:

5      "This settlement agreement and release ("agreement")
6      is entered into as of this 5th day of August, 2008,
7      between William Robert Pawson ("William") and
8      JPMorgan Chase Bank, N.A. ("Chase"), and is in the
9      following terms and conditions."

10     The next section is headed, "Recitals:"

11     "Whereas, there is presently pending in the United
12     States Bankruptcy Court for the Southern District of
13     New York ("Court") that certain proceeding entitled
14     In Re William Robert Pawson, Case Number 05-18439-MG
15     ("bankruptcy case"), wherein William has filed a
16     petition pursuant to Chapter 13 of the United States
17     Bankruptcy Code, which proceeding remains pending,
18     and whereas in the bankruptcy case, Chase heretofore
19     filed a motion for relief from the automatic stay
20     ("MFR") which MFR has been withdrawn, and, whereas,
21     in the bankruptcy case, William has filed a response
22     to motion for relief from the automatic stay and
23     cross-motion pursuant to Bankruptcy Code Section 105
24     and 28 U.S.C. 1927 ("cross-motion"), which cross-
25     motion remains pending and undetermined, and whereas

| | |
|---|---|
| 1 | Chase has denied any liability in connection with |
| 2 | the cross-motion, and whereas William and Chase |
| 3 | desire to fully settle, compromise and otherwise |
| 4 | resolve their dispute with respect to the cross- |
| 5 | motion and agree that it is in their respective best |
| 6 | interests to compromise their dispute with respect |
| 7 | to the cross-motion, specifically including the |
| 8 | avoidance of the costs, expenses and inconvenience |
| 9 | of litigation, and whereas William and his wife |
| 10 | Janet Pawson ("Janet") have heretofore executed a |
| 11 | certain cooperative apartment fixed rate note dated |
| 12 | November 7, 2003, payable to Chase ("note"), |
| 13 | together with a loan security agreement dated |
| 14 | November 7, 2003 in favor of Chase ("mortgage")." |
| 15 | Then the next section is headed, "Settlement |
| 16 | Provisions." |
| 17 | "Now, therefore, for good and valuable |
| 18 | consideration, the receipt and sufficiency of which |
| 19 | is hereby acknowledged, including without limitation |
| 20 | the representations, promises and agreements set |
| 21 | forth herein, and the limited joinder in this |
| 22 | agreement by Janet and by David Shaev ("David"), as |
| 23 | set forth herein below, the parties hereto agree as |
| 24 | follows: |
| 25 | "Paragraph 1: Settlement payment. Within ten days |

| | |
|---|---|
| 1 | of the execution of this agreement, Chase will pay |
| 2 | to William the sum of fifty thousand and zero one- |
| 3 | hundreds dollars, $50,000, by cashier's check upon |
| 4 | execution of this agreement.  Said payment shall be |
| 5 | made payable to David, William's attorney.  Said |
| 6 | payment is intended to constitute a full and |
| 7 | complete resolution of the cross-motion and any |
| 8 | matters related to the cross-motion or the MFR, |
| 9 | whether raised by William or otherwise. |
| 10 | Accordingly, in the event the Court sua sponte |
| 11 | orders any monetary payment to be made by Chase to |
| 12 | or for the benefit of William or David on account of |
| 13 | the cross-motion or the MFR (separate and apart from |
| 14 | the Court's approval of this agreement), then the |
| 15 | amount paid under this paragraph will be offset |
| 16 | against the amounts ordered to be paid by the Court. |
| 17 | If necessary to comply with this paragraph, William |
| 18 | will return to Chase the payment referred to in the |
| 19 | first sentence of this agreement to the extent, and |
| 20 | only to the extent that Chase is otherwise obligated |
| 21 | to pay any sum to William and/or David pursuant to |
| 22 | an order of the Court.  As an example, if the Court |
| 23 | sua sponte enters an award to William of $20,000, |
| 24 | said $20,000 will be offset against the $50,000 paid |
| 25 | pursuant to the first sentence of this paragraph, |

1. and Chase will owe nothing more to William, or, as
2. another example, if the Court sua sponte orders
3. Chase to pay William $60,000, then $50,000 of that
4. $60,000 would be deemed paid pursuant to this
5. paragraph, and Chase would only owe William an
6. additional $10,000.
7. "Paragraph 2: Credit reporting repair. Within
8. thirty days from the date hereof, Chase will take
9. any and all action required or necessary to remove
10. any negative credit reporting made by Chase to any
11. credit reporting agency as to William and/or Janet
12. regarding payments due under the note for May 2008
13. and June 2008.
14. "Paragraph 3: Current loan information. Within ten
15. days from the date of this agreement, Chase will
16. provide to William a current transaction history for
17. the loan represented by the note and mortgage,
18. together with a then current payoff statement for
19. said loan. Chase shall be deemed to have complied
20. with this Paragraph 3 if it provides the information
21. to David.
22. "Paragraph 4: Qualified written request. In the
23. event that William or Janet makes a qualified
24. written request pursuant to 12 U.S.C. Section 2605,
25. it is deemed to be made separate and apart from this