**Law Offices of Linda M. Tirelli, PC**
**Attorney for Sylvia Nuer, Chapter 7 Debtor**
**1100 Summer Street, 3rd Floor**
**Stamford, CT 06905**
**Telephone: (203)653-2203**
**Facsimile: (914)946-0870**
**Email: WestchesterLegal@aol.com**

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------
| IN RE: | ) | |
| | ) | |
| SYLVIA NUER, | ) | Chapter 7 |
| | ) | Case No.: 08-14106 (REG) |
| Debtor | ) | |
| | ) | MOTION TO STRIKE |
---------------------------------------------------

**MOTION TO STRIKE**
**NOTICE OF WITHDRAWAL OF MOTION FOR RELIEF FILED BY JP MORGAN**
**CHASE AND MOTION FOR FEES AND SANCTIONS**

The debtor herein, by and through her counsel, moves this Court pursuant to Rule 9014(a) and 9014(c) of the Bankruptcy Rules and moves to strike and dismiss the Notice of Withdrawal of Motion for Relief filed by JP Morgan Chase, in the above-captioned matter for non-compliance with Bankruptcy Rule of Procedure 7041. In support of such motion, debtor shows as follows:

## Background:

1. The debtor filed for Chapter 7 bankruptcy protection on or about October 10, 2008.

2. On or about November 17, 2008 JP Morgan Chase ("Chase") filed a Motion for Termination of Automatic Stay, which appears as Document No. 7 on the court's ECF system.

3. On or about December 12, 2008, Debtor filed an Objection to the Motion for Relief from Stay <u>and</u> a Conditional Counter-Motion for Legal Fees and Expenses, which appear as Document No. 22 on the Court's ECF System.

4. On or about February 3, 2009, the Debtor filed an Amendment to Debtor's Objection to Motion for Termination of Stay, which appears as Document No. 30 on the Court's ECF

System alleging in part, the use and submission of false and/or misleading documents by Chase to support its Motion for Termination of Automatic Stay and seeking additional relief.

5. On or about August 19, 2009 the Debtor in an effort to stream line her arguments and narrow the issues, filed a Motion for Leave to Amend her Objection, which appears as Document No. 61 on the Court's ECF System, affording Chase the opportunity to request a hearing and object.

6. On or about September 9, 2009 Chase filed a Response to Debtor's Motion for Leave to Amend, which appears as Document No. 63 on the Court's ECF System, specifically stating it had no objection to the Court granting the Debtor leave to Amend her Objection, while reserving the right to respond to the amended pleading.

7. On or about December 2, 2009 the Court granted Debtor's Motion for Leave to Amend on or about December 7, 2009 the debtor did file her Amended Objection to Chase's Motion for Termination of Automatic Stay, which appears as Document No. 65 on the Court's ECF System.

8. On or about January 7, 2010 a Status Conference was held and conducted by the Court during which Chase, through its Attorney Jay Teitelbaum, admitted and acknowledged that the assignments presented to this Court were false, as the Debtor contended. The Court recommended the four parties (ie, the debtor, Chase, Chapter 7 Trustee and Office of the U. S. Trustee) go forth and attempt to make a stipulation bifurcate the claims into two prongs, namely the Motion for Relief from Stay and Sanctions. The Court was clear that there needed to be a reservation of rights agreed to in any would be stipulation. The Court further indicated the perceived need for additional discovery by way of depositions

to be conducted by debtor's counsel and Mr. Zipes of the Office of the U.S. Trustee, of Scott Walter and Ann Garbis, the signors of the two assignments in question. The Court further specified that the parties should arrange another status conference to take place in a month's time.

9. On or about January 22, 2010, in response to the Court's recommendations the undersigned as counsel for the debtor took the following pro-active measures:

   a. With the consent of the Chapter 7 Trustee, offered to obtain a paid appraisal of the property to provide all parties with a starting point as to the current valuation of the property to work from;

   b. After a telephone call to Mr. Teitelbaum and Mr. Zipes the undersigned served three (3) amended notices of depositions on Chase seeking the testimony of Ann Garbis, Scott Walter and an appropriate witness representing Chase to take place at Mr. Zipes office with a letter emphasizing that dates could be flexible to accommodate schedules; and

   c. Arranged for another status conference to take place on February 23, 2010 notifying all parties of the same.

10. On or about January 28, 2010 without any prior discussions as to a stipulation or agreement with the debtor, Chase filed a letter with the court, casually announcing it withdraws its motion for relief and all related pleadings without mention or regard for mandatory procedure prescribed by FRBP 7041.

**ARGUMENT**

Under Rule 9014 of the FRBP, this matter became a contested case upon the Debtor's filing her initial Objection and Counter Motion to Chase's Motion. Rule 9014 specifically incorporates Rule 7041 of the FRBP which in essence provides that once an objection is filed in a contested case the motion cannot be voluntarily dismissed without the consent of the objecting party or otherwise without obtaining an order of the court after notice and hearing.

Before withdrawing its motion, Attorney Jay Teitelbaum as counsel for Chase never sought the consent of the debtor. To be clear, the debtor does not consent to Chase's withdrawing its motion in this fashion without coming to some resolution as to the reservations of the Debtor's rights to seek appropriate remedies to which the debtor is entitled by way of legal fees and other relief the court might deem just and proper and without being afforded the opportunity to object and be heard. Chase is apparently under the impression that withdrawing its motion will rid itself of any direct responsibility to this debtor regardless of the pending motion in which the debtor seeks full compensation of her attorney fees and reimbursement for all expenses incurred during this contested case which is now over a year long in the making. Withdrawing a motion in a contested case by way of announcement in a letter, is yet another example of Chase and its attorneys playing by their own rules with blatant disregard for the havoc they have caused by tying to deceive the Court and the Debtor with their false documents. Clearly there is no sense of accountability on the part of Chase or its attorney let alone any regard for the rules or the rights and well being of the other parties involved.

All along the debtor has contested the authenticity and integrity of documents presented by Chase and its attorneys.  More than a year has gone by since Chase and its attorneys filed the motion and supplemental pleadings in which they presented the questionable documents, namely two purported assignments of mortgage executed by "Scott Walter" and "Ann Garbis" respectively.  Chase and its attorneys – both former and current - have had plenty of time and opportunities to approach debtor's counsel and/or motion the court and show some effort to "come clean" about the nature of the documents and to withdraw its motion prior to causing debtor's counsel, and all other parties, to expend a tremendous amount of time and resources.  It was not until the status conference on January 7, 2010, that Chase's counsel, Attorney Jay Teitelbaum openly admitted before this Court that the documents in question which have been disputed by the Debtor and the UST are in fact inaccurate thereby confirming what the debtor has contended all along.  There was no explanation offered by Mr. Teitelbaum as to when he and his client came to this realization or how long he chose to continue to advocate for the documents he knows to be false.

It seems Chase and its attorneys (past and present) have no regard whatsoever for the consequence of their actions over the course of the past year which have effectively caused and generated an enormous amount of  legal fees and expenses, a mountain of paperwork, an exchange of nearly 1400 pages of documents, multiple court appearances, and even a pricey deposition of a witness presented by Chase, Mr. Charles Herdon, who had no personal knowledge regarding the facts and documents in this case.  Chase and its attorneys set a tremendous amount of costly litigation in motion when they set out to deceive the debtor and the Court with its fraudulent documents.  Chase and its attorneys at this juncture cannot reasonably

expect to walk away from this contested case and leave the Debtor and her attorney uncompensated. Absent an agreement between the parties, the debtor's counter-motion for fees and repeated requests for relief should properly be decided and resolved, or at least protected on record, before Chase is allowed to withdraw following proper procedure.

Debtor hereby further contends that if Chase and its attorneys do now withdraw the their pending motion, the Debtor's counter motion for fees and expenses and request for other relief and sanction ought to survive and remain pending.

WHEREFORE, debtor prays this Court for the following relief:

1. That the attempted Withdrawal of Motion for Termination of Automatic Stay filed by Chase be stricken; and

2. That a "show cause" order be issued to inquire as to whether the procedures by Chase filed its Motion for Termination of Automatic Stay complied with Rule 9011 of the Federal Rules of Bankruptcy Procedure;

3. That a hearing be held to determine the merits of debtor's objections or, should a withdrawal of claim be allowed, on what terms and conditions may the Motion for Termination of Automatic Stay filed by Chase be withdrawn;

4. That Chase be ordered to pay to counsel for debtor a reasonable attorney's fee as authorized under the general power of the court as set forth in 11 U.S.C. § 105(a) for the

instant Motion to Strike;

5. That sanctions be levied against Chase and its Attorney pursuant to 11 U.S.C. §1928 and 11 U.S.C. § 105(a) for having failed to follow proper procedure and causing the additional waste of valuable time and resources.

5. That this Court retain jurisdiction over this matter and all parties thereto;

6. For such other and further relief as this Court deems just and proper.

This the 6th day of February, 2010.

                                                _____/S/ Linda M. Tirelli_____
Linda M. Tirelli, Esq.
202 Mamaroneck Ave, 3rd Floor
White Plains, NY 10601
Phone: (914)946-0860
Fax: (914)946-0870
Email: WestchesterLegal@aol.com