3 Barker Avenue, Third Floor
White Plains, New York 10601
(914) 437 7670 (tel)
(914) 437 7672 (fax)
jteitelbaum@tblawllp.com

42 West 38th Street, Suite 701
New York, New York 10018
(646) 233-3013

# TEITELBAUM & BASKIN, LLP
*Counselors at Law*

March 31, 2010

BY ECF Filing
Honorable Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re: In re Silvia Nuer 08-14106

Dear Judge Gerber:

We are counsel to JPMorgan Chase Bank, as servicer of loans and other assets of Washington Mutual Bank, N.A., as servicer for Deutsche Bank National Trust Co., as Trustee for the Long Beach Mortgage Trust 2006-2. We are writing this letter pursuant to the Case Management Order entered in this case to seek a telephonic hearing concerning a discovery dispute arising from the deposition of Deutsche Bank, as Trustee for the Long Beach Mortgage Loan Trust, 2006-2, by Ronaldo Reyes, an employee of Deutsche Bank.

On March 17, 2010, this Court ordered that the deposition of Mr. Reyes be conducted telephonically and that the parties would exchange documents in advance of the deposition. (Tr. of March 17 hearing at pp. 11-17). Counsel for Chase had argued that a telephonic deposition was appropriate in that the examination of Mr. Reyes involved a limited number of documents and could be completed in about 15 minutes. No party disputed this point. (*Id.*).

On March 18, this Court further ordered, with respect to discovery sought by the Debtor, that this case did not involve a "freestanding investigation of the mortgage industry", but that the matters which were to be the subject of discovery by the Debtor would be:

> To the extent practices in the industry or relations between various parties impacted upon Ms. Nuer, they are fair game for discovery. If they're wholly unrelated to anything affecting Ms. Nuer, my ruling now subject to some showing of relevance of which I am now unaware, is that it's not discoverable.

(Tr. of March 18 Hearing at pp.31-33).

The deposition of Mr. Reyes was scheduled for March 30 at 12 p.m. As a courtesy to the US Trustee and counsel for the Debtor, counsel for Chase arranged for the deposition to be conducted via Skype video call. The attorneys for Chase, the US Trustee and the Debtor were to be present at the offices of Teitelbaum & Baskin and the witness and the court reporter would be in California. In accordance with this Court's ruling, on March 26, the US Trustee and counsel for Chase provided all parties with the documents that they may show the witness during the deposition. Despite the Court's ruling and a number of requests to counsel for the Debtor,

counsel for the Debtor did not provide copies of any documents which the Debtor intended to use at the deposition. Counsel for Chase learned from Mr. Zipes that counsel for the Debtor sent the documents directly to the court reporter since counsel for the Debtor did not want to share them in advance of the deposition. Upon learning from Mr. Zipes of Debtor's counsel's decision, on March 26 counsel for Chase caused the documents produced by Chase and the US Trustee to be sent by Fed Ex to Mr. Reyes so that they would be available for the deposition on March 30.

The deposition of Mr. Reyes, conducted via Skype video call, commenced at approximately 12:25 p.m. on March 30, as Ms. Tirelli and Ms. Charney, counsel for the Debtor arrived at the offices of Teitelbaum & Baskin approximately 20 minutes late. Upon arrival, counsel for the Debtor handed counsel for Chase and the US Trustee a 3 ½ inch thick stack of documents which counsel claimed would be used during the deposition.

Mr. Zipes conducted the initial examination of Mr. Reyes. Mr. Zipes' examination lasted approximately one hour and Mr. Reyes answered every question asked by Mr. Zipes, other than to identify his home address. Mr. Reyes provided the court reporter with his driver's license and bank identification card for the purposes of identification and gave his business address.

Ms. Charney, as counsel for the Debtor, commenced an examination of Mr. Reyes. Over the course of more than two hours, counsel did not show the witness a single document and asked the witness a myriad of questions beyond any reasonable reading of this Court's order, including (x) whether the witness had executed an unidentified SEC document (which counsel refused to produce to the parties) with a spelling of "Renaldo Reyes" as opposed to "Ronaldo Reyes"; (y) whether the witness had ever purchased property in the State of Florida; and (z) whether the witness had ever purchased property in the State of Nevada.

In addition, Ms. Charney repeated the same question innumerable times for more than an hour, as to whether, other than the Pooling and Servicing Agreement, the Mortgage Loan Purchase Agreement, the mortgage loan schedules appended to the foregoing, and the physical possession by Deutsche Bank, as Trustee from and after March 2006, of the original note endorsed in blank, the original mortgage and an original assignment in blank of the mortgage, there existed any other documents, including a recorded assignment of the mortgage to Deutsche Bank, to evidence the conveyance of the mortgage to the Trustee and or the Trust. In response, again without having been shown a single document, the witness repeatedly answered that the mortgage and note were conveyed to the Trust pursuant to the foregoing agreements and that the Trustee had physical possession of the original documents. Counsel for Chase thereafter quoted from the decision of Judge Glenn in *In re Minbatiwalla*, 2010 WL 694166 at *3 (Bankr. S.D.N.Y. March 1, 2010) for a statement of the law of New York concerning the legally permissible method of transferring and assigning a mortgage and note by endorsement and physical delivery of the documents. Counsel for Chase then asked counsel for the Debtor to move to a new line of inquiry in conformity with New York law and this Court's March 18 Ruling. Counsel for the Debtor refused.

More than 2 hours after counsel for the Debtor commenced the examination of Mr. Reyes and had not moved past the initial inquiry of the existence of a recorded assignment of the mortgage to the Trustee or the Trust, and had not shown the witness a single document, including the documents produced by the Trustee relating to the custody of the loan documents, the Mortgage Loan Purchase Agreement (Sections 2 and 4) and the Pooling and Servicing Agreement (Section 2.01) which expressly govern the agreement of the parties as to the method and effect of the conveyance of the mortgage and note, counsel for Chase terminated the examination of Mr. Reyes on the ground that counsel for the Debtors were acting in direct

contravention of this Court's March 17 and 18 rulings. Chase has ordered an expedited transcript of the deposition and expects to receive the transcript on or before April 5, 2010, which Chase will provide to the Court immediately upon receipt.

    Accordingly, Chase respectfully submits that counsel for the Debtors have willfully violated this Court's rulings and are conducting discovery in an abusive and harassing manner. Chase therefore requests a telephonic conference to address the conduct of the deposition of Mr. Reyes and to obtain an order directing that Chase shall not be required to again produce Mr. Reyes for the Debtor to continue discovery.

    Respectfully,

    /s/ Jay Teitelbaum
    Jay Teitelbaum

cc. Via Email
David Kittay
Kittay & Gershfeld, P.C.
100 White Plains Road
Tarrytown, NY 10591

Linda M. Tirelli
Westchester Legal Credit Solutions Inc.
202 Mamaroneck Avenue
White Plains, NY 10601

Greg Zipes
U S Trustees Office
33 Whitehall Street, 21st Floor
New York, NY 10004