UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

-----------------------------------------------------------------x

In re                                                            :

                                                                 :        Chapter 7

SYLVIA NUER,                                                      :

                                                                 :        Case No. 08-14106 (REG)

Debtor.                                                          :

-----------------------------------------------------------------x

**DEBTOR'S RESPONSE TO COURT'S ORDER TO
SHOW CAUSE WHY CASE SHOULD NOT BE CLOSED**

TO: THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE.

Linda M. Tirelli, Debtor's Attorney in the above referenced case of Silvia Nuer (the "Debtor"),

hereby files his objection to the Court's March 11, 2013 Order to Show Cause why the case

should not be closed and respectfully states:

**Background**

1. The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy

Code on October 10, 2008.

2. In an otherwise plain vanilla no-asset case,  JPMorgan Chase National Bank Association

("Chase"), as servicer for Deutsche Bank National Trust Company ("Deutsche"), as Trustee for

Long Beach Mortgage Trust 2006-2 ("Long Beach"), an alleged secured creditor of the Debtor,

though its then counsel of record, Natalie Grigg of the Law Offices of Steven J. Baum, filed a

motion seeking to terminate the automatic stay with respect to the debtor's property known as

1651 Metropolitan Avenue, Bronx, New York (the "Premises").

3.  The Debtor filed an objection to the Motion for Relief From Stay and Motion for Sanctions.

After more than a year of back and forth litigation, Chase's counsel on January 7, 2010 admitted

to this court that the very documents the Debtor complained of were indeed, factually inaccurate

and Chase sought to withdraw its motion.

4. This Court permitted the withdrawal of the motion subject to the reservation of rights of the

respective parties to recover as there remained allegations of fraudulent documents and the

Debtor's Motion for Sacntions.

5. As the Chapter 7 Trustee states in his Response to the Court's Order to Show Cause, "thus

began a protracted discovery dispute and fruitless settlement negotiations." The United States

Trustee took the lead and this case is one which lead to a full investigation of the Steven J Baum

firm which ultimately agreed to pay millions of dollars in a settlement with the US Attorneys and

US Trustee and then later paid millions more to settle with the NYS Attorney General's office.

None of the monies paid by the Baum firm were ever received by Ms. Nuer or the bankruptcy

estate.

6. As this court is aware and as the Chapter 7 Trustee accurately states in his Opposition, the

federal government, various state attorneys general and the country's five largest loan servicers,

including Chase, reached an historic $25 billion settlement (the "Settlement") related to the fact

that the loan servicers routinely signed foreclosure-related documents (as appeared to have

happened in this case) outside of the presence of a notary public and without really knowing

whether the facts contained in the foreclosure-related documents were true. Unfortunately, the

terms of the settlement did nothing to move this case forward.

7. Based upon a reading of the terms of the Multi state Settlement between 49 Attorneys General

and the "Big 5" , ie., the largest mortgage servicers in the country namely Chase, Wells Fargo,

Bank of America, Citi and GMAC Mortgage, it is clear that Chase should have taken steps to

make this case right with the Debtor and the bankruptcy estate given the nature of the documents and the admission by Chase through its counsel that the documents were not accurate.

8.  At all times, Chase not once approached the Debtor with an offer to resolve the dispute or respond to the Debtor's offers to settle other than to reject the Debtor's offers.  Chase simply took a no settlement position and asked the debtor to apply for a loan modification.  As the premises was not the ebtpr's primary residence, the loan modifications of the time were not available to her.

9.  Ms. Nuer  suffered a severe stroke followed by a series of unfortunate events which caused her to become lost in New York City's health system for almost a year, mistaken for a homeless vagrant.   Additional health complications rendered Ms. Nuer unable to fully communicate, however, she was able to communicate with limited verbal capacity and body gestures such as nodding of the head.  Ultimately, Ms. Nuer did pass away.

10. During the final year of her life, the Debtor and Chapter 7 Trustee attempted to negotiate a settlement of their pending disputes with Chase, not the least of which was fees due and owing to the undersigned, and the Trustee.  As per current counsel to Chase, Chase  was consistently unwilling to pay anything towards a settlement but curiously now he believes that Chase may be willing to agree to waive its liens on the Debtor's primary residence locate at 1735 Purdy Street in Bronx, New York and the premises at issue to enable the Trustee to sell the properties to recoup fees and pay the sole unsecured creditor.

11.  Given the history of this case and Chases admissions on record, the undersigned avers that while recouping legal fees from the sale of 2 properties is a possibility, it is giving Chase a "free pass" for its wrong behavior while the undersigned has appropriately cooperated at all stages with the Chapter 7 Trustee and the U. S. Trustee's office.

3

12.  With the Court's permission and in the interest of justice, the undersigned proposes to file a

motion for sanctions with the Court seeking payment of the Debtor's legal fees from Chase.

For the foregoing reasons, the undersigned  respectfully requests that the Debtor's case not be

closed and that she be given 30(days) to file a motion with the court to for payment of legal fees

by way of sanctions against Chase.


Respectfully submitted,


DATED: March 29, 2013                    /S/ LINDA M. TIRELLI
                                         Linda M. Tirelli, Esq.
                                         Garvey, Tirelli & Cushner, Ltd.
                                         50 Main Street, Suite 390
                                         White Pllains, NY 10606
                                         Phone: (914)946-0860 / Fax: (914)946-0870
                                         Email: LindaTirelli@TheGTCFirm.com