**KITTAY & GERSHFELD, P.C.**
A Professional Corporation
ATTORNEYS AT LAW

100 White Plains Road
2nd Floor
Tarrytown, NY 10591

(914) 332-8000
Fax: (914) 332-8001
Email: kittaygershfeld@yahoo.com

June 27, 2013

Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
New York, New York 10004

        RE:    Nuer, Sylvia (the "Debtor")
                 Case No. 08-14106 (REG)

Dear Judge Gerber:

      We represent David R. Kittay, Chapter 7 Trustee for the above-captioned case. We write to advise the Court of the status of the Trustee's administration of the Debtor's estate.

      The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on October 10, 2008 and the Trustee was appointed on October 20, 2008. The Debtor scheduled two pieces of real property on her Schedules of Assets and Liabilities. The first, a two-bedroom condominium located at 1651 Metropolitan Avenue, Bronx, New York (the "Premises") and second a one-bedroom condominium (the "Residence") located at 1735 Purdy Street Apt. 1-D, Bronx, NY which was the Debtor's primary residence.

      Within a month of the Debtor filing for bankruptcy court protection, JPMorgan Chase National Bank Association ("Chase"), as servicer for Deutsche Bank National Trust Company ("Deutsche"), as Trustee for Long Beach Mortgage Trust 2006-2 ("Long Beach"), a secured creditor of the Debtor, filed a motion seeking to terminate the automatic stay with respect to the Premises. Although the parties' protracted discovery dispute was rendered moot by an historic settlement by the federal government, various state attorneys general and the country's five largest loan servicers, including Chase, the settlement agreement did not allow for the parties to move forward.

      At this time, the Trustee has arranged for his real estate broker, M.Y.C. & Associates,

The Honorable Robert E. Gerber
June 27, 2013
Page 2

Inc. ("MYC") to inspect and value the Residence and the Premises. The Trustee anticipates that MYC will be able to enter and ascertain the condition and value of the Premises and the Residence in the next week or so. In the weeks thereafter, the Trustee will review the liens on the Premises and the Residence and analyze the real estate market and comparable sales in the neighborhood.

Accordingly, the Trustee respectfully requests that he have until August 15, 2013, to determine if he will market the Premises and/or the Residence or close the Debtor's case as a "no asset" case.

Thank you.

Respectfully,

/s/ Judy Siegel
Judy Siegel